UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT  FILED

Nov 13   2 41 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

EVA MCINTIRE,                                  :
MARIA ELENA PEÑA MOTA,                         :
MARIA TERESA ALEXANDER,                        :
                                               :      CIVIL ACTION NO.
                    Plaintiffs                 :      303CV0126(GLG)
                                               :
v.                                             :
                                               :
PENNANT FOODS, INC.,                           :
d/b/a Chef Solutions, Inc., a wholly           :
owned subsidiary of Lufthansa,                 :
                                               :
                    Defendant.                 :
                                               :      November 12, 2003

## OBJECTION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFF'S FROM ATTENDING DEPOSITIONS

Defendant Pennant Foods, Inc., has requested that the Court order that plaintiffs Eva McIntire, Maria Elena Pena Mota, and Maria Teresa Alexander, be excluded from the November 14, 2003 depositions of employees Griselda Valez and Francisco Gonzalez.   The defendant claims that this exclusion is necessary because the plaintiffs' presence will be disruptive.  Specifically, the defendant claims that the deponents have reported to managerial officials that they are,

"scared that the plaintiff's or their friends and family, will physically retaliate against them"[1].

As is explained in detail below, there is no good cause for a protective order to be issued, in that there is no reason to believe that the plaintiffs will behave in an inappropriate or disruptive manner during the deposition.  Consequently, the plaintiffs respectfully request that the motion be denied in its entirety.

_____

[1] No basis for this fear has been identified.

I.  THE RELEVANT FACTS

This case involves the egregious sexual harassment of sisters Eva McIntire,

Maria Elena Pena Mota, and Maria Teresa Alexander.    While working for defendant

Pennant Foods each was  subjected for years to sexual harassment at the hands of

supervisors, managers, and co-workers  in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §2000e, and the Connecticut Fair Employment Practices Act, C.G.S.

§46a-60 et. seq.    The plaintiffs contend that the defendant  is liable for this

harassment  because it permitted the creation of a hostile environment, because it

knew or should have known of this hostile environment and because it failed to remedy

the harassment.   In the alternative, the plaintiffs contend that the defendant is liable for

the harassment because it involved, in relevant part, quid pro quo harassment by the

plaintiffs' supervisors.  Each of the plaintiffs also claim that the defendant is liable for

intentional infliction of emotional distress and for negligent supervision based on the

conduct described below.    Finally, plaintiff McIntire contends that the defendant

retaliated against her for her opposition to discrimination and harassment in violation of

Title VII and CFEPA.

The defendant seeks to take the depositions of two employees,  Griselda Valez

and Francisco Gonzalez,  on November 14, 2003.    The defendant contends that these

persons will allegedly accuse Plaintiff Alexander of engaging in acts of prostitution.

After the close of business on November 11, 2003, the defendant faxed plaintiff's

counsel a copy of the instant motion, seeking to exclude the plaintiffs from these

depositions.   The defendant contends that this unusual remedy  is necessary because,

the witnesses are allegedly frightened, "that the plaintiff's or their friends and family"

2

physically harm them.

III.    <u>ARGUMENT</u>

The Federal Rules of Civil Procedure provide that the Court has the authority, for

good cause shown, to limit discovery to protect the parties.   FRCP 26 (c) provides in

relevant part,

> Upon motion by a party from whom discovery is sought,
> and for good cause shown, the court in which the action is pending...
> may make any order which justice requires to protect a party or person
> from annoyance, embarrassment, oppression or undue burden or
> expense, including one or more of the following:....
>
> (5) that discovery be conducted with no one present except persons
> designated by the court...

The defendant suggests that there is good cause to exclude the plaintiffs form

the depositions of witnesses Valez and Gonzalez based on the witnesses alleged fears

that the plaintiffs - or others friendly to the plaintiffs- might physically harm the

witnesses either during the deposition or at some other time.   The defendant, however,

does not claim that the plaintiffs have ever acted inappropriately during this litigation or

that  there is any evidence that the plaintiffs will  act inappropriately during the

deposition.   Thus, there is no good cause to exclude the plaintiffs from the depositions.

In claiming otherwise,  the defendant relies on <u>Galella v. Onassis</u>, 487 F.2d 986,

997 (2d Cir. 1973).   However, in  <u>Galella</u> the Court noted that the plaintiff,

> "had already been charged with the violation of the court's temporary
> restraining order which was entered to protect the defendant from
> further harassment.  Such conduct could be deemed to reflect both an
> irrepressible intent to continue the plaintiff's harassment of defendant
> and his complete disregard for judicial process.  Anticipation of
> misconduct during the examination could reasonable be founded
> on either".

3

<u>Gallella</u>, 487 F.2d. at 997. Consequently, the Court in <u>Galella</u> was justified in believing that the plaintiff was likely to disrupt the proceedings. In the present case, there is no evidence to support such a belief.

The defendant has not produced a scintilla of evidence tending to show that the plaintiffs will engage in misconduct or otherwise disrupt the deposition.[2] The Court cannot exclude a party from a deposition based on mere speculation. Since the defendant has failed to make a particularized showing of good cause sufficient to support the granting the protective order sought here, the plaintiffs respectfully request that the defendant's motion be denied.

IV.    <u>Conclusion</u>

For all of the reasons set forth above, the plaintiffs respectfully request that this Court deny the defendant's motion for a protective order precluding the plaintiffs from attending the depositions of Francisco Gonzales and/or Griselda Valez.

Respectfully submitted,

THE PLAINTIFFS

By: _____
Mary E. Kelly ct07419
Thomas W. Meiklejohn ct08755
Livingston, Adler, Pulda
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

---

[2] Plaintiff's counsel assures the Court that no such misconduct will occur.

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Objection to Defendant's Emergency Motion for Protective Order to Prevent Plaintiff's from Attending Depositions has been mailed, certified mail, postage pre-paid on this 12th day of November, 2003 to all counsel of record as follows:

Lynn Kappelman, Esq.
Damian Wilmot, Esq.
Seyfarth, Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

Mary E. Kelly