RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 19  9 39 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| EVA McINTIRE, <br> MARIA ELENA PENA MOTA, <br> MARIA TERESA ALEXANDER, <br><br> Plaintiffs, <br><br> v. <br><br> PENNANT FOODS, INC., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 303-CV-0126(GLG) <br> ) <br> ) November 11, 2003 <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFFS FROM ATTENDING DEPOSITIONS OF GRISELDA VELEZ AND FRANCISCO GONZALEZ

Pursuant to Rules 26(C)(5) of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., ("Defendant" or "Pennant") hereby move this Court to exclude Plaintiffs Eva McIntire, Maria Pena Mota, and Maria Teresa Alexander, from attending the depositions of Griselda Valez and Francisco Gonzalez on November 14, 2003. In support of the instant motion, Pennant states the following

1. The Plaintiffs, three sisters, were all Pennant employees. Plaintiffs claim that Pennant discriminated against them on the basis of their sex and they allege both hostile environment sexual harassment and quid pro quo sexual harassment.

2. Recently, two Pennant employees, Griselda Valez and Francisco Gonzalez, who were or are coworkers of the Plaintiffs informed Pennant management that they had personal knowledge concerning Plaintiffs' claims that they were subjected to **unwelcome** sexual conduct within the Pennant facility in North Haven. Ms. Valez's and Mr. Gonzalez's personal

knowledge of these acts are relevant to whether the Plaintiffs in fact found the environment at the Pennant facility to be hostile, intimidating and humiliating.

3. Plaintiff Eva McIntire resigned from Pennant in November 2001, and Plaintiff Maria Pena Mota resigned from Pennant in February 2002. Plaintiff Maria Alexander continues to work for the Company.

4. On November 5 and 6, 2003, Defendant subpoenaed Ms. Valez and Mr. Gonzalez for their depositions on November 14, 2003.

5. Following the receipt of their respective subpoenas, Ms. Valez and Mr. Gonzalez have expressed that they are scared that the Plaintiffs, or their friends and family, will physically retaliate against them for testifying unfavorably in this action. They expressed this fear to Diana Figueroa, the Human Resources Representative at the Pennant North Haven Facility, and asked if she could do anything to ensure that the Plaintiffs would not be present.

6. In response to Ms. Valez's and Mr. Gonzalez's concerns, Defendant's counsel spoke with Plaintiffs' counsel to determine whether the Plaintiffs planned on attending the depositions of Ms. Valez and Mr. Gonzalez. Plaintiffs' counsel, Thomas Meiklejohn, indicated that the Plaintiffs likely would not attend Ms. Valez's and Mr. Gonzalez's depositions.

7. In order to memorialize the representations of Plaintiffs' counsel and to ensure that Ms. Valez and Mr. Gonzalez give their full, unfettered testimonies on November 14, 2003, Defendant moves this Court to memorialize the parties Stipulation, and so order that Plaintiffs will not attend Ms. Valez's and Mr. Gonzalez's depositions on November 14, 2003. Plaintiff should be excluded from these depositions because, as detailed above, their presence would be extremely disruptive to the deponents and the deposition process. *See Galella v. Omassis,* 487


F.2d 986, 997 (2d Cir. 1973) (party excluded because cause existed that he would be disruptive to deponent).

WHEREFORE, Defendant requests that the Court exclude Plaintiffs Eva McIntire, Maria Pena Mota, and Maria Teresa Alexander (but not Plaintiffs' counsel), from the depositions of Griselda Valez and Francisco Gonzalez on November 14, 2003.

> PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA
>
> By its Attorneys,
>
> _____
> Lynn A. Kappelman (ct # 03480)
> Damian W. Wilmot (ct # 22694)
> Seyfarth Shaw
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone: (617) 946-4800
> Telecopier: (617) 946-4801

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, hereby certify that on November 11, 2003, a true copy of the foregoing document was served by facsimile and first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

_____
Lynn A. Kappelman, Esq.