UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 19  9 39 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

EVA MCINTIRE, )
MARIA ELENA PENA MOTA, )
MARIA TERESA ALEXANDER, )
        Plaintiffs, )
        ) C.A. No.: 303CV0126 GLG
v. )
        )
PENNANT FOODS, INC., )
d/b/a Chef Solutions, Inc., a wholly owned )
subsidiary of Lufthansa, )
        Defendant. )

### AFFIDAVIT OF LYNN A. KAPPELMAN, ESQ.

COMMONWEALTH OF MASSACHUSETTS )
        ) s.s.
COUNTY OF SUFFOLK )

    LYNN A. KAPPELMAN, being duly sworn, deposes and says:

    1.    I am an member of the firm, Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210, attorneys for Defendant, Pennant Foods, Inc. ("Defendant" or "Pennant") in the above-captioned action. I submit this affidavit[1] in advance of oral argument regarding Plaintiffs' anticipated Motion for Protective Order on the depositions of Griselda Valez, and Francisco Gonzalez.

    2.    On or about October 30, 2003, during our discovery conference with Magistrate-Judge Garfinkel, I informed Plaintiffs' counsel that Pennant intended to take at least two depositions of current employees who would testify concerning whether Plaintiffs' sexual

---

[1] Because of the emergency nature of this Affidavit, I submit it by facsimile to the Magistrate-Judge and opposing counsel without the exhibits. I will send the Affidavit by overnight mail with all of the exhibits.

BO1 15611060.1

interactions with certain managers and co-employees was indeed "welcome" rather than "unwelcome."

3. During that conference, Plaintiffs' counsel requested that Magistrate-Judge Garfinkel be available to respond to any discovery issues which arose during these depositions. The Magistrate-Judge directed Pennant to provide a general summary of the testimony of these new witnesses to opposing counsel along with the rest of the supplemental discovery responses.

4. On or about 12:00 p.m. on Friday, November 7, 2003, I received a voice mail message from Attorney Meiklejohn requesting that we postpone his depositions of Joan King and Bhavin Patel because he had not yet received the general summaries of their testimony, and he was participating in an impending strike in another matter. (see transcribed voice mail from Attorney Meiklejohn attached as Exhibit A).

5. Soon thereafter I returned Attorney Meiklejohn's call apologizing because our e-mail system was not working, agreeing (i) to send him the summaries by facsimile as soon as I returned to the office that day, and (ii) to postpone the King and Patel depositions until after Thanksgiving.

6. On that same date, I sent a letter including (i) the summaries of Patel and King's testimony, (ii) my consent to postpone the depositions of Patel and King, and (iii) reiterating that Pennant intended to proceed with the depositions of Griselda and Francisco. (see letter attached hereto as Exhibit B)

7. Also on that date, Friday, November 7, 2003, at 12:14 p.m., Attorney Wilmot sent the subpoenas for Griselda and Fransisco's depositions to Plaintiffs' counsel (see subpoenas and fax confirmation attached hereto as Exhibit C.)

8. On Monday November 10, 2003, Attorney Meiklejohn called me and asked me not to proceed with the depositions of Griselda and Francisco because he was negotiating with Pennant on behalf of the Union on Friday, November 14, 2003. I informed him that the litigation and the Union negotiation were two quite separate issues and we intended to proceed with the

BO1 15611060.1                                    2

depositions on Friday. During that conversation, Attorney Meiklejohn represented that he did not intend to have the Plaintiffs attend the depositions of Griselda and Francisco on Friday.

9.  On Tuesday, November 11, 2003, Attorney Mary Kelly called me, and my colleague Damian Wilmot, and requested that we produce the summaries of Griselda and Francisco's testimony in writing by the end of the business day, and we promised to do so reiterating again our intention to proceed with the depositions on Friday.

10. At approximately 4:50 p.m. on Tuesday November 11, 2003, I sent, by facsimile, a letter including the summaries, and a Motion for Protective Order regarding the depositions on Friday. Once again, I reiterated our intent to proceed with the depositions as scheduled. (see correspondence attached hereto as Exhibit D).

11. On Wednesday November 12, 2003, Plaintiffs' counsel left me a voice mail message indicating that she intended to move for a Protective Order regarding the depositions of Griselda and Fransisco on Friday.

WHEREFORE, I respectfully request that the court permit the depositions of Griselda and Francisco to proceed as noticed and subpoenaed on Friday November 14, 2003 at 10:00 a.m..

_____
Lynn A. Kappelman, Esq.

Subscribed and sworn to before
me this 12th day of November, 2003.

_____
Notary Public

BO1 15611060.1                     3

Lynn, this is Tom Meiklejohn, we still have not received the materials which I understand that was an agreement in the conference call with Judge Garfinkel or the answers that would be supplied meaningfully in advance of the depositions. It is now 11 o'clock on Friday, the business day before and we still have no idea when and if it's going to arrive. In addition, I have a strike that started yesterday that I am going to have to be having to work on all weekend so even if you send it to me before the weekend I will not have the opportunity to look at it. Therefore, this is to inform you we are postponing the depositions and we will reschedule them promptly upon receipt of the promised discovery responses. If you have any questions my number is 860-570-4639.

BO1 15610270.1

```
* * * COMMUNICATION RESULT REPORT ( NOV. 7. 2003  2:23PM ) * * *

                                                         FAX HEADER 1:
                                                         FAX HEADER 2:

TRANSMITTED/STORED : NOV. 7. 2003  2:21PM
FILE MODE            OPTION         ADDRESS                    RESULT        PAGE
-----------------------------------------------------------------------------------
2772 MEMORY TX                                    LAPM          OK           6/6

----------------------------------------------------------------------------------
        REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL              E-2) BUSY
        E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

**FAXED**

---

# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
Fax (617) 946-4801
www.seyfarth.com

## Facsimile Transmission

Date: November 7, 2003

| | | |
|---|---|---|
| RECIPIENT | Thomas Meiklejohn, Esq. | |
| COMPANY | Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. | |
| PHONE NO. | | FAX NO. (860) 232-7818 |
| FROM: | Lynn A. Kappelman | |
| PHONE: | (617) 946-4888 | |
| RE: | McIntire v. Pennant Foods | |
| File No: | 32510-14 | Number of Pages, Including Cover: 5 |

☐ Hard copy to follow          ☐ Hard copy will not follow
☐ Per your request             ☐ Please review and revise if necessary
☐ Please telephone me

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYER OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (617) 946-4800 AS SOON AS POSSIBLE.

BO1 15604679.1



World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
(617) 946-4800
Fax (617) 946-4801
www.seyfarth.com



# Facsimile Transmission

Date:   November 7, 2003

| | | | |
|---|---|---|---|
| **RECIPIENT** | **COMPANY** | **PHONE NO.** | **FAX NO.** |
| **Thomas Meiklejohn, Esq.** | Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. | | **(860) 232-7818** |

**FROM:**   Lynn A. Kappelman
**PHONE:**  (617) 946-4888
**RE:**     McIntire v. Pennant Foods

| File No: | 32510-14 | Number of Pages, Including Cover: | 5 |
|---|---|---|---|

☐ Hard copy to follow        ☐ Hard copy will not follow
☐ Per your request           ☐ Please review and revise if necessary
☐ Please telephone me

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (617) 946-4800 AS SOON AS POSSIBLE.**

BO1 15604679.1

# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946 4888

Writer's e-mail
lkappelman@seyfarth.com

November 7, 2003

**VIA Facsimile & U.S. Mail**
Thomas W. Meiklejohn, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

Re: McIntire v. Pennant Foods

Dear Tom:

Enclosed please find expedited responses to two interrogatories as we promised during our discovery conference with Judge Garfinkel. I sincerely apologize for the delay in getting these to you. Until I received your message today, I had been under the impression that they had already been sent to you. I understand now that the delay was caused by the fact that (i) our clients were traveling outside of their offices, and (ii) our e-mail system has not been working properly all week. I understand from your voice-mail message that you are currently responding to an employee strike and you would like to postpone the depositions of Ms. King and Mr. Patel. Please be advised that we are not available to reschedule Ms. King and Mr. Patel's depositions until after Thanksgiving.

As I mentioned to you in our telephone conversation today, we have served subpoenas on two Pennant employees for their depositions on Friday, November 14, 2003. We intend to proceed with the depositions on that day. I have asked Damian to fax the notices of deposition and subpoenas that we mailed to you yesterday.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

SEYFARTH SHAW

Lynn A. Kappelman

:lak/km
cc: Damian Wilmot

BO1 15610277.1

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVA McINTIRE,<br>MARIA ELENA PENA MOTA,<br>MARIA TERESA ALEXANDER,<br><br>        Plaintiffs,<br>v.<br><br>PENNANT FOODS, INC., d/b/a Chef<br>Solutions, Inc., a wholly owned subsidiary<br>of Lufthansa,<br><br>        Defendant. | CIVIL ACTION NO. 303-CV-0126(GLG) |

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES NUMBERED 6 AND 7

Pursuant to Rules 33 of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., ("Defendant" or "Pennant") hereby supplements its responses to Plaintiff's ("Plaintiff's") First Set of Interrogatories (the "Interrogatories") numbered 6 and 7. Defendant states that it has not yet completed discovery in this case and therefore it will respond to the Interrogatories on the basis of the information it has at this time. Defendant further states that these responses represent a corporate response and, as such, an authorized agent of the Defendant will verify them. Defendant reserves the right to supplement these responses. Defendant also incorporates, as if set forth fully herein, the general objections contained in its responses to Plaintiff's First Set of Interrogatories.

Subject to the foregoing conditions and objections, and without waiving and without repeating any of them in any of the specific objections and answers, Pennant responds as follows:

**Interrogatory No. 6**

Please describe the alleged decision to terminate Joan King, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communications concerning the decision. Please identify any and all documents which relate to this answer.

### Response to Interrogatory No. 6

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

### Supplemental Response to Interrogatory No. 6 (October 22, 2003)

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 001575-001584, which are attached hereto.

### Magistrate Judge Garfinkel's Order

Identify who were the decision-makers with regard to Joan King's termination.

### Supplemental Response to Interrogatory No. 6

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant states that the following individuals made the decision to conduct a reorganization of management which resulted in the termination of Joan King's employment: Bill Hood (former Senior Vice President, Supply Chain for Chef Solutions Inc., last known home address – 130 Glen Road, Hawthorn Woods, IL 60047); Barbara Parson (former Vice President of Bakery for Chef Solutions Inc., last known home address – 472 Bramble Lane, Barrington, IL 60010); and Barb Pollster (former Director of Human Resources, Supply Chain for Chef Solutions Inc., last known home address – 5428 Brompton Drive, Loves Park, IL 61111).

Defendant designates the last known home addresses of Bill Hood, Barbara Parson, and Barb Pollster as CONFIDENTIAL as that term is defined by the Confidentiality Agreement reached between the parties on or about September 16, 2003.

### Interrogatory No. 7

Please describe the alleged decision to terminate Bhavin Patel, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

2

### Response to Interrogatory No. 7

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

### Supplemental Response to Interrogatory No. 7 (October 22, 2003)

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 001589-001593, which are attached hereto.

### Magistrate Judge Garfinkel's Order

Identify who were the decision makers with regard to Bhavin Patel's termination. Identify the misconduct the Defendant terminated Bhavin Patel's employment for.

### Supplemental Response to Interrogatory No. 6

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant states that the following individuals made the decision to terminate Bhavin Patel's employment: Bill Hood (former Senior Vice President, Supply Chain for Chef Solutions Inc.); Barbara Parson (former Vice President of Bakery for Chef Solutions Inc.); and Bryan Glancy (Senior Director of Human Resources, Supply Chain for Chef Solutions Inc.). Defendant further states that it terminated Mr. Patel's employment for failing to disclose a consensual sexual relationship with a subordinate and for his improper involvement in assisting subordinates to obtain their United States citizenship. Defendant also reminds Plaintiffs that it can contact current employees of the Defendant through the undersigned outside counsel.

I, Bryan Glancy, Senior Director of Human Resources, Supply Chain for Chef Solutions, Inc., have read the foregoing Supplemental Responses the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa to Plaintiff Eva McIntire's First Set of Interrogatories. The information in these responses has been obtained from Defendant's employees and others whom I believe reliable and capable of ascertaining the facts stated therein. As to those matters set forth in the answers about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS NOVEMBER 7, 2003.

_____

As to the Objections:

                            PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA

                            By its Attorneys,

                            _____
                            Lynn A. Kappelman (ct # 03480)
                            Damian W. Wilmot (ct # 22694)
                            Seyfarth Shaw
                            World Trade Center East
                            Two Seaport Lane, Suite 300
                            Boston, MA 02210-2028
                            Telephone: (617) 946-4800
                            Telecopier: (617) 946-4801

## CERTIFICATE OF SERVICE

    I, Lynn A. Kappelman, hereby certify that on November 7, 2003, a true copy of the foregoing document was served by first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

                            _____
                            Lynn A. Kappelman, Esq.

(via facsimile and US)