UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVA MCINTIRE, | : | CIVIL ACTION NO. |
| MARIA ELENA PEÑA MOTA, | : | 303CV0126(GLG) |
| MARIA TERESA ALEXANDER, | : | |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| PENNANT FOODS, INC., | : | |
| d/b/a Chef Solutions, Inc., a wholly | : | |
| owned subsidiary of Lufthansa, | : | |
| | : | February 20, 2004 |
| Defendant. | : | |
| | : | |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME LIMITS**

The Plaintiffs' respectfully requests a two week extension of time within which to submit a Motion to Compel Discovery with respect to the above-captioned matter. The Plaintiffs' request this extension of time because the Defendant has refused to provide a privilege log identifying the documents which it has failed to provide in discovery, based on claims of privilege and because Defendant's counsel has indicated that they are unable to speak to the Court about the failure to provide the privilege log until the day before the Motion is presently due. This log is relevant to the Motion to Compel, and the Plaintiffs will be prejudiced if they are required to file the Motion to Compel prior to receiving this log.

The facts relevant to this request include the following. In June 2003, the Defendant objected to the Plaintiff's' Interrogatories and Requests for Production of Documents, claiming that certain documents were protected by the attorney client and/or work product privileges. (Ex. A)  On July 15, 2003, Plaintiffs' counsel asked the Defendant to produce a privilege log identifying the documents, as required by FRCP26 and Local Rule 37(d). (Ex. B)  On July 24, 2003, the Defendant agreed to produce

such a log.  (Ex. C)

Over the following months, including at least once more in writing, Plaintiffs' counsel reminded Defendant's counsel of the need to produce the log.  (Ex. D) Defendant's counsel verbally indicated that the Defendant would either produce the documents or the log.

On January 6, 2004, the Plaintiffs' took the deposition of the corporation pursuant to FRCP 30(b)(6).  During the course of the deposition, Plaintiffs' counsel became convinced that there were numerous documents concerning investigations conducted by legal counsel that had not been produced, and that the Defendant had improperly failed to provide critical information the FRCP 30(b)(6) witness.   After a telephonic discovery conference with Judge Garfinkel, the parties agreed that the Plaintiff would file a motion to Compel on these issues.  The parties agreed that this motion with supporting memorandum would be due on or before January 30, 2004, that the Defendant's answering brief would be due February 20, 2004, and that any reply by the Plaintiff would be filed on or before February 27, 2004.

Plaintiff's counsel knew that the promised privilege log would provide relevant information with respect to this motion.   On or about January 6, 2004, Plaintiffs' counsel notified Attorney Wilmot of the need for the Defendant to produce  the privilege log promptly.   On January 20, 2003, the undersigned counsel had a family emergency, was essentially out of work until on or about January 26th, and returned working only part-time.   Because of this, the Plaintiffs' asked for a four week extension of time to file the motion.   The Defendants did not object to this extension.

On February 5, 2004, Plaintiffs counsel again sought the promised privilege log.  On February 6, 2004, Defendant's counsel, for the first time, indicated that the

2

Defendant did not feel that there was an obligation to produce the log. (See Ex. E) On February, 9 2004, Plaintiffs' counsel sent a fax to the Defendant, explaining the legal obligation to produce the log, and asking that it be produced by no later than February 20th so that Counsel could use the information in drafting the Motion to Compel. (Ex. E) Counsel explained,

> If you are claiming privilege with respect to any documents related to any investigation of sexual harassment (other than documents in the possession of another law firm which you have not yet obtained), you have been under an obligation since July of last year to provide such a log. We need this log in order to address the issues of privilege, and of failure to properly prepare a FRCP 30(b)(6) witness in an intelligent and informed fashion.

(Ex. E)

On or about February 17, 2004, Plaintiffs' counsel received the Defendant's response[1]. (Ex. F) In this response, the Defendant asserted that neither the documents, nor the log would be produced. (Ex. F) Plaintiffs' counsel attempted to speak to Attorney Kappelman by telephone on the 17th but was unable to reach her. In a last attempt to convince counsel that production was required, Plaintiffs' counsel sent another fax outlining the Defendant's legal obligations. (Ex. G) In the alternative, the Plaintiffs' sought to have an immediate telephonic conference with the Court so that the matter could be resolved and not delay the filing of the Motion to Compel.

On February 19th, the undersigned learned that Defendant's counsel would not produce the log, and would not agree to engage in a telephonic conference on the issue until - at the earliest- the day before the Motion to Compel is currently due.[2] (Ex.

---

[1] This was sent to Attorney Meiklejohn on February 13th. Unfortunately, he had already left on a vacation. The undersigned received a copy of the fax on February 17th, 2004.

[2] This fax was sent on the afternoon of the 18th. Unfortunately, due to the undersigned counsel's part-time schedule it was not received until 11:00 a.m.on the 19th.

H) Plaintiffs' counsel promptly contacted Defendant's counsel to request an extension of time to file the Motion to Compel until after the parties were able to have the telephonic conference with the Court. Defendant's counsel has refused to agree to such an extension.

Because the privilege log is clearly called for by Local Rule 37 and FRCP 26, and because the identification of the documents which have not been produced are relevant to the Motion to Compel, the Plaintiff's respectfully request that the time limits be extended two weeks as follows:

Plaintiffs' Motion to Compel and supporting memorandum due March 12, 2004.

Defendant's answering brief due April 2, 2004

Plaintiffs' reply due April 9, 2004.

The Plaintiffs' also respectfully request that the Court schedule a telephonic conference to resolve the issue of the production of the privilege log at the Court's earliest convenience.

Defendant's counsel has stated that he objects to this motion. This is the second request for an extension of these time limits.

Respectfully submitted,

BY: _____
Mary E. Kelly ct 07419
Thomas W. Meiklejohn ct 08755
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821

**CERTIFICATION OF SERVICE**

4

I hereby certify that the foregoing Motion for Extension of Time Limits was mailed first class mail, postage pre-paid this 20th day of February, 2004 to all counsel of record as follows:

| | |
|---|---|
| Lynn Kappelman, Esq. | Douglas Varga, Esq. |
| Damian Wilmot, Esq. | Zeldes, Needle & Cooper |
| Seyfarth, Shaw | 1000 Lafayette Boulevard |
| World Trade Center East | P.O. Box 1740 |
| Two Seaport Lane, Suite 300 | Bridgeport, CT 06601-1740 |
| Boston, MA 02210-2028 | |

_____
Mary E. Kelly