## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| EVA McINTIRE,<br>MARIA ELENA PENA MOTA,<br>MARIA TERESA ALEXANDER,<br><br>Plaintiffs,<br><br>v.<br><br>PENNANT FOODS, INC., d/b/a Chef<br>Solutions, Inc., a wholly owned subsidiary<br>of Lufthansa,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 303-CV-0126(GLG)<br><br>June 20, 2003 |

### DEFENDANT'S ANSWERS AND OBJECTIONS TO
### PLAINTIFF EVA MCINTIRE'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of SCIS Food Services which is owned by Lufthansa Corporation ("Defendant" or "Pennant") hereby answers and objects as follows to Plaintiff Eva McIntire's ("Plaintiff") Interrogatories (the "Interrogatories"). Defendant states that it has not yet completed discovery in this case and therefore it will answer the Interrogatories on the basis of the information it has at this time. Defendant further states that these answers represent a corporate response and, as such, an authorized agent of the Defendant will verify them. Defendant reserves the right to supplement these answers.

### GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege or the work product doctrine or that otherwise is not discoverable under the applicable rules, and Defendant will not provide such information in answering the Interrogatories.

2.     Defendant objects to the Interrogatories to the extent they seek the discovery of trade secrets or other confidential commercial information.

3.     Defendant objects to the Interrogatories to the extent they seek confidential personnel and other private information about Defendant's former and present employees, and Defendant will not produce such information without an appropriate confidentiality agreement or protective order in place.

4.     Defendant objects to providing both home and business addresses for Defendant's employees.   All current employees of the Defendant identified in these Answers to Interrogatories can be reached through the undersigned outside counsel, unless otherwise indicated.  Defendant does not maintain records of prior employees' current home address.

5.     Defendant objects to the Interrogatories to the extent that they seek to require the Defendant to make inquiries of former employees or to poll its entire work force.  In answering these Interrogatories, Defendant has undertaken to ascertain the information through appropriate management personnel.

6.     Defendant objects to these Interrogatories to the extent they request, in effect, a verbatim account of conversations or testimony that may be the subject of oral examinations upon deposition.

7.     Defendant objects to each Interrogatory that does not specify a time frame on the ground that such requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

8.     Defendant objects to these Interrogatories to the extent they purport to require the discovery of information not within the Defendant's possession, custody or control.

2

9.    Defendant objects to these Interrogatories to the extent they request information that does not refer to or relate to matters alleged in the above-captioned action.

SPECIFIC OBJECTIONS AND ANSWERS

In addition to and without waiving the foregoing General Objections, and without repeating them in any of the specific objections and answers, Defendant specifically objects to and answers the Interrogatories as follows:

**Interrogatory No. 1**

Identify each and every person who provided information referred to or relied on in answering these interrogatories, including his or her name, address, job title, and relationship to the Defendant, as well as the numbers of the interrogatories for which he or she provided information.

**Response to Interrogatory No. 1**

Defendant objects to this Interrogatory on the grounds that it calls for privileged information. Defendant further objects to this Interrogatory on the grounds that it calls for confidential proprietary information. Notwithstanding these objections, Defendant responds that, other than counsel, the following persons provided information responsive to these Interrogatories: Diana Figueroa, Human Resources Representative for Pennant's North Haven, Connecticut facility; Bryan Glancy, Senior Director of Human Resources Supply Chain for Chef Solutions, Inc.

**Interrogatory No. 2**

Identify each and every person known by the Defendant to have knowledge of the facts underlying the complaint, the Defendant's answer, and/or the defenses to the Complaint, including the information believed to be known, the name, address, place of employment, job title and position of each person and please identify all documents which relate to this answer.

**Response to Interrogatory No. 2**

Defendant objects to this Interrogatory on the grounds that it is ambiguous, burdensome, calls for privileged information, and calls for confidential proprietary information. Defendant further objects and respectfully refers Plaintiff to the identical information it provided to Plaintiff on May 16, 2003 in its Amended Initial Disclosures. Notwithstanding these objections, Defendant responds that, other than the Plaintiffs, the following individuals have direct knowledge of facts relevant to the Plaintiffs' Complaint, the Answer, and/or the defenses to the Plaintiffs' Complaint: Diana Figueroa, Human Resources Representative at Pennant's North Haven, Connecticut facility, has knowledge of aspects of Plaintiffs' employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in

3

the Plaintiffs' Complaint; Gerald Loesche, Floor Supervisor of the first shift at Pennant's North Haven, Connecticut facility, has knowledge of certain aspects of Eva McIntire's and Maria Teresa Alexander's employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiff's Complaint; Joe Fusco, Production Supervisor of the third shift at Pennant's North Haven, Connecticut facility, has knowledge of certain aspects of Maria Elena Peña Mota's employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiffs' Complaint; Maria del Pilar Molina, Packer on the third shift at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in the Plaintiffs' Complaint.

Defendant also responds that the following individuals have direct knowledge of facts relevant to the Plaintiffs' Complaint, the Answer, and/or the defenses to the Plaintiffs' Complaint: Joan King, 240 Nemergut Drive, Stratford, CT 06614, former Human Resources Manager and former Plant Manager of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; David Schenkman, 42 Bungay Terrace Seymour, former Director of Frozen Manufacturing and former Plant Manager of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Bhavin Patel, 975 Mix Ave, Apt. T-6, Hamden, CT 06514, former Production Planning and Scheduling Manager on the first shift at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Raphael Martinez, 677 Brussell Street, New Haven, CT 06511, former employee of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Jessica Vega, Packer at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in the Plaintiffs' Complaint.    Defendant states that Joan King and Bhavin Patel were Respondents in the initial action filed by Plaintiff Maria Teresa Alexander with the Connecticut Commission on Human Rights and Opportunities and also participated in privileged strategy conferences and assisted Pennant in developing its trial strategy in this case.  David Schenkman also participated in these conferences.  For these and other reasons, Joan King, Bhavin Patel, and David Schenkman are trial consultants under Connecticut law.  As such, Plaintiff's counsel or agents may only contact them through the Defendant's counsel.

## Interrogatory No. 3

Please identify and describe in detail each and every policy, practice, or procedure relating, or referring to complaints of retaliation, sexual harassment and/or sex discrimination for Defendant's employees and identify all documents which relate to this answer.

## Response to Interrogatory No. 3

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted.  Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment,

4

employee counseling, and disciplinary guidelines, which Defendant disseminated at times in both English and Spanish and speak for themselves. Pennant also posts notices for its employees regarding anti-discrimination laws in accordance with state and federal law, copies of which are attached to Defendant's Responses to Plaintiff Eva McIntire's Request for Production of Documents and speak for themselves.

## Interrogatory No. 4

Please identify and describe in detail the policy, practice or procedure used by the Defendants to investigate complaints of retaliation, sexual harassment and/or sex discrimination, including the individuals involved in the investigative process, the training if any, received by each such individual, and please identify all documents that relate to the answer.

## Response to Interrogatory No. 4

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which speak for themselves.

## Interrogatory No. 5

Please identify and describe in detail all steps taken between January 1997 and the present to ensure a workplace free of retaliation, sexual harassment and/or discrimination, and identify all individuals involved, including his or her name, address, title and relationship to the Defendant and identify any and all documents which relate to this answer.

## Response to Interrogatory No. 5

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant responds that Pennant is committed to enforcing its equal employment policy contained in its Employee Manual, which was and is distributed to each and every Pennant employee, and fostering a work environment free from unlawful discrimination. Defendant further states that in addition to posting notices for its employees regarding anti-discrimination laws in accordance with state and federal law, the Defendant has also provided its employees with sex harassment training and anti-discrimination counseling.

5

**Interrogatory No. 6**

Please describe the alleged decision to terminate Joan King, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communications concerning the decision. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 6**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

**Interrogatory No. 7**

Please describe the alleged decision to terminate Bhavin Patel, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 7**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

**Interrogatory No. 8**

Please describe the alleged decision to terminate Guillermo Palma, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 8**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

6

**Interrogatory No. 9**

Please identify any and all training or education that the Defendant provided to its employees with respect to sexual harassment, retaliation, and/or discrimination between January 1995 and the present. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 9**

Defendant respectfully refers Plaintiff to its Response to Interrogatory Number 5.

**Interrogatory No. 10**

Please identify and describe in detail each and every written or verbal communication, from January 1995 through the present, that the Defendant has or has had concerning criticism of any of the Plaintiffs' conduct in the workplace, identify all persons who participated in any such communication, and all documents which relate to this answer.

**Response to Interrogatory No. 10**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which Defendant has provided to Plaintiffs and their Plaintiffs' counsel as part of Defendant's initial disclosures.

**Interrogatory No. 11**

Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff McIntire in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

**Response to Interrogatory No. 11**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 12**

Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff Pena Mota in the position she held at the time of the cessation of her

7

active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

**Response to Interrogatory No. 12**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 13**

Please identify each and every employee who has complained of sexual harassment, retaliation, sexual misbehavior or sex discrimination from 1995 to the present, and describe each such complaint and the Defendant's response if any. Please identify all documents which relate to each such complaint or to this answer.

**Response to Interrogatory No. 13**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant states that, other than the Plaintiffs, Seema Srivastara alleged sexual harassment and filed a Complaint with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") in 2000. Ms. Srivastara later requested a right to sue letter from the CHRO. The Defendant further states that the matter was resolved to the satisfaction of all parties, all of whom executed a confidential settlement agreement.

**Interrogatory No. 14**

Identify any and all employees who have been disciplined or terminated by Defendant from 1995 to the present, including but not limited to, the name of each employee, position held, length of time employed by defendant, the reason(s) for discipline or separation from employment, any and all steps taken to inform the employee of a discipline problem (including the dates on which any and all steps of discipline were taken), and the date of termination, if any, and identify all documents which relate to this answer.

**Response to Interrogatory No. 14**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

8

**Interrogatory No. 15**

Please identify and describe in detail any and all insurance policies that the Defendant has which may cover the defense of this Complaint and identify all documents which relate to this answer.

**Response to Interrogatory No. 15**

Defendant objects to this Interrogatory on the grounds that it is ambiguous and burdensome. Notwithstanding these objections, Defendant responds that the following insurance companies may be liable to satisfy, or indemnify the Defendant for, part or all of a judgment that the Court may enter in the current action: Kemper Insurance Company for matters arising prior to April 1, 2003, and St. Paul Marine and Fire Insurance Company for matters arising after April 1, 2003.

**Interrogatory No. 16**

Please identify and describe in detail all benefits, including but not limited to, salary, health and other insurance, pension and/or 401K plans that Defendant has provided to its employees from 1999 through to the present, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

**Response to Interrogatory No. 16**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant responds that Pennant provided the Plaintiffs with medical and dental benefits, long-term disability insurance, short-term disability insurance, accidental death and dismemberment insurance, 401(k) plan, and competitive salaries. Further, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

**Interrogatory No. 17**

Please identify and describe in detail each and every basis for the Defendant's denial that each of the Plaintiffs performed her job well as alleged in the Complaint, including the individuals who have provided such information, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

**Response to Interrogatory No. 17**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

**Interrogatory No. 18**

Please state each and every act of Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander which Defendant claims tends to show that the sexual conduct complained of in this litigation was not unwelcome. For each such act, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the alleged conduct, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 18**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges.

**Interrogatory No. 19**

Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander had a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the alleged relationship, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 19**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

**Interrogatory No. 20**

Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander was willing to engage in a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the plaintiffs alleged willingness, and please identify all documents which relate to this answer.

10

**Response to Interrogatory No. 20**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

**Interrogatory No. 21**

Please identify each and every person who the Defendant believes has information concerning Plaintiff McIntire's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 21**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms marked as Exhibit 6 of Plaintiff McIntire's deposition on May 6, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

**Interrogatory No. 22**

Please identify each and every person who the Defendant believes has information concerning Plaintiff Pena Mota's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 22**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding these objections, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Form marked as Exhibit 6 of Plaintiff Pena Mota's deposition on May 7, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

**Interrogatory No. 23**

Please identify each and every person who the Defendant believes has information concerning Plaintiff Alexander's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

11

## Response to Interrogatory No. 23

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms contained in Ms. Alexander's personnel file, which are marked as Exhibit 6 to Ms. Alexander's deposition and which Defendant produced to Plaintiffs as part of its Initial Disclosures.

12

I, Bryan Glancy, Senior Director of Human Resources Supply Chain for Chef Solutions, Inc., have read the foregoing Answers and Objections of the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa to Plaintiff Eva McIntire's First Set of Interrogatories. The information in these answers has been obtained from Defendant's employees and others whom I believe reliable and capable of ascertaining the facts stated therein. As to those matters set forth in the answers about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS .

_Bryan P. Glancy_    6-18-03

As to Objections:

PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA

By its Attorneys,

Lynn A. Kappelman (ct # 03480)
Damian W. Wilmot (ct # 22694)
Seyfarth Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated: June 18, 2003

## CERTIFICATE OF SERVICE

I, Damian W. Wilmot, hereby certify that on June 20, 2003, a true copy of the foregoing document was served by first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

Damian W. Wilmot
LYNN A. KAPPELMAN

BOI 15579975.1

12

LAW OFFICES

# LIVINGSTON, ADLER, PULDA, MEIKLEJOHN & KELLY, P.C.

557 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-2922
TELEPHONE: (860) 233-9821 • FAX (860) 232-7818

⊙ ◁▷ C-126

DANIEL E. LIVINGSTON
GREGG D. ADLER
RUTH L. PULDA
THOMAS W. MEIKLEJOHN
MARY E. KELLY
PETER GOSELIN
DEBORAH L. MCKENNA
HENRY F. MURRAY

OF COUNSEL
ANNE GOLDSTEEN
BETZABETH SANCHEZ

211A MAIN STREET
NORWICH, CONNECTICUT 06360-2421
(860) 204-0201

PLEASE REPLY TO HARTFORD OFFICE

WRITER'S DIRECT DIAL:
(860) 570-4637
mekelly@lapm.org

July 15, 2003

**VIA FAX AND MAIL**
Lynn Kappelman
Seyfarth, Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

RE:  **McIntire v. Pennant Foods**

Dear Attorney Kappelmann,

I have reviewed the Defendants Answers and Objections to Plaintiff Eva McIntire's Interrogatories and Requests for Production of Documents.  In general, I do not feel that the objections and responses comport with the letter or spirit of the Federal Rules of Civil Procedure.  However, hopefully  we will be able to resolve these disputes. As part of our duty to try to resolve these disputes, I have set out my response to the objections below.  After you have had a chance to review this perhaps you could call me and we could try to discuss each of the issues.

## Interrogatory Responses and Objections

### General Objections

With respect to your introductory paragraph and general objection 5, you have indicated that you have merely answered with respect to the information that the defendant presently has in the hands of its "appropriate managerial personnel".   This is not permissible.   A corporate entity is required to provide whatever information is available through reasonable efforts.  See: Moore's Federal Practice, §33-102. In particular, you have an obligation to provide all information available through the defendant's employees- whether such employees are managerial or not.  Id., and cases cited therein.  If you have any authority that indicates otherwise, please let me

Lynn Kappelman
Date: July 14, 2003
Page: 2

know.

With respect to General Objection One, please provide a privilege log.

With respect to General Objections Two and Three, personnel documents, trade secrets, and commercial information, are clearly discoverable. However, we are mindful of reasonable concerns about privacy. I have attached a signed protective

order that I think should address this. [1] Based on this, I presume that you will promptly respond to any interrogatories to which you have not replied based on these objections. Please let me know if this is incorrect.

With respect to General Objection Four, under the Federal Rules of Civil Procedure parties are entitled to discovery of the names, addresses and telephone numbers of potential witnesses. As we discussed at length with respect to the initial disclosures, we are not required to go through counsel in discussing matters with non-party witnesses. [2] The addresses and telephone numbers of all current non-managerial employees, and last known address and telephone numbers of all former employees should be provided. See: Moore's Federal Practice, §26.22(4)(a); §33-70 and cased cited therein. I presume that you will promptly respond to any interrogatories to which you have not replied based on this specious objection. Please let me know if this is incorrect.

With respect to General Objection Six, the plaintiff is entitled to seek discovery in whatever manner she chooses, and need not go to the expense of a deposition to seek information within the custody and control of the defendant. Thus, the fact that the plaintiff could choose to depose various individuals and question them about conversations does not excuse the defendant from responding to the best of it's knowledge. If you have any authority that indicates otherwise, please let me know. Otherwise, I presume that you will promptly respond to any interrogatories to which you have not replied based on this specious objection. Please let me know if this is incorrect.

---

[1] In the interests of resolving all disputes I have included a protective order that includes both the privacy concerns you have raised and those that we have raised. In the alternative, I have included a protective order that addresses only your concerns, leaving our concerns to be addressed at a later date.

[2] Indeed you have acknowledged as much.

Lynn Kappelman
Date: July 14, 2003
Page: 3

With respect to General Objections Seven and Eight, please see individual responses below.

With respect to General Objection Nine, under the Federal Rules of Civil Procedure, discovery may be had as to, "any matter, nor privileged, that is relevant to the claim or defense of any party". All of the interrogatories propounded meet this standard.    I presume that you will promptly respond to any interrogatories to which you have not replied based on this objection.  Please let me know if this is incorrect.

**Interrogatory Number 2:**

I do not believe that this request is ambiguous or burdensome.  Indeed, interrogatories seeking the identity of witnesses are clearly permitted.  See:  Moore's Federal Practice:  §33-70.   Furthermore, I do not see how the names of such witnesses could possibly be privileged.  Please explain.  To the extent that providing this information calls for confidential information, the signed protective order should resolve the objection.   While you have  provided a partial response, the defendant is required to provide all information known to the corporation, including but not limited to information known to any current non-managerial employees.  Please supplement this response based on this.   In addition, the interrogatory calls for the identification of any documents relating to the answer.   Please comply.

**Interrogatory Number 3**

To the extent that the response actually provides each and every policy, practice and procedure, the response is sufficient.  To the extent that the defendant has had any unwritten or informal practices involving sex discrimination complaints, please provide such information.

**Interrogatory Number 4**

This interrogatory seeks information as to the defendant's practices with respect to the investigation of complaints.  Your answer is non-responsive.   The interrogatory calls for an explanation of the practices, policies and procedures, an identification of the individuals involved in investigating such complaints, the training provided to such individual and all related documents.  I do not see what is vague and ambiguous about this.   Nor do I understand how this could be unduly burdensome.  Please let me know what you are unable to understand about the request and/or why you feel that it is too burdensome.

Lynn Kappelman
Date: July 14, 2003
Page: 4

### Interrogatory Number 5 and 9

You have failed to identify the individuals who allegedly provided the sexual harassment training and anti-discrimination counseling, and have further failed to provide the documents related to the training and counseling. You also failed to identify the person or persons who allegedly distributed the Employee Manual to each and every employee.   Obviously identifying these individuals and the related documents would not be overly burdensome.  Nor could this portion of the interrogatory be considered too vague or ambiguous.  If there are other measures taken by the defendant during the relevant time period, please let me know why it would be too burdensome to identify them.

### Interrogatory Number 6-8

I do not believe that details surrounding the termination of three of the key harassers in this case is vague, or ambiguous.   Please let me know what portion of the request you find unclear and I will attempt to respond to your concerns.

The claim that these requests are not reasonably calculated to lead to the discovery of admissible evidence is nonsense.  Clearly, evidence that these individuals were- in fact- terminated for harassing the plaintiff's would be relevant with respect to the defendants denial of certain allegations.  Similarly, communications about misconduct by these individuals could be admissible with respect to the defendant's credibility determinations.   Thus, a complete response, including the documents should be provided.

With respect to the claim of attorney client communications, I am not clear what this refers to.   Nor do I understand what statutory and/or common law privacy rights you are referring to.   As I am sure you know, if the defendant seeks to rely on an alleged good faith investigation of plaintiff's claims, they may not assert privilege or privacy in connection with these investigations.    Moreover, I presume any privacy issues will be resolved by the protective order.   Please call me so that we can discuss these objections.

### Interrogatory Number 10 and 17

You have objected on the grounds that request is vague and ambiguous.  I do not believe it is, but let me explain.  In your answer, you have denied that each of the plaintiffs' had satisfactory performance.  You have also claimed that the plaintiffs' did not find the sexually harassing conduct directed at them in the workplace to be objectionable.    Consequently, I am seeking all communications involving any criticism of the plaintiff's conduct in the workplace and all facts and documents relating to any claimed misconduct.

Lynn Kappelman
Date: July 14, 2003
Page: 5

You have provided the personnel files of each plaintiff.  To the extent that this includes each and every piece of criticism (verbal or written) and fully identifies each and every fact, document and  person, the answer is fine.  To the extent that you contend that there are other communications critical of the plaintiff's performance or conduct, or to the extent that the documents in the file fail to fully identify the persons involved, all of the facts surrounding the event, and/or all  of the documents relating to the alleged performance issue or conduct, please provide supplemental responses.

### Interrogatory Number 11 and 12

I do not understand what you find vague or ambiguous about the requests- which seek the identity, benefits, and compensation of the persons who are performing the duties previously performed by the plaintiffs.  The request is reasonably  calculated to lead to the discovery of information relevant to damages: i.e. what each of the plaintiffs would have earned absent the constructive discharge.

### Interrogatory Number 13

Please explain why this is too broad and too burdensome.  I am seeking only the formal and informal complaints of sexual misconduct, harassment and discrimination, and retaliation.   This clearly could lead to the discovery of admissible evidence- particularly given the defendant's claim that it reacted promptly and effectively to such complaints.   To the extent that you contend that Ms. Srivastara is the only employee who made formal or informal complaints- either internally or externally, please  identify and provide all of the documents related to the complaints.     To the extent that there are other such complaints, please supplement your response.

### Interrogatory Number 14

This interrogatory seeks information which could be relevant based on your response to interrogatories 6-8.   I will wait to see the response to those prior to addressing these objections.

### Interrogatory Number 15

Please provide the policies.

### Interrogatory Number 16

This request seeks information as to the benefits provided prior to the plaintiff's constructive discharge and subsequent to the discharges.  This is obviously relevant to

Lynn Kappelman
Date: July 14, 2003
Page: 6

damages. You have failed to identify all of the documents, which would include the benefit booklets and ERISA documents for each benefit, the insurance policies, any documents showing 401k benefits paid by the defendant for employees, and the defendant 's records showing the allegedly competitive salaries. Please supplement your response.

### Interrogatory Response Numbers 18-20

You have objected to these interrogatories as vague and ambiguous. Please let me know what you think is unclear. You have objected on the grounds that the factual basis of your allegations are protected by the work product and/or attorney client privileges. This is nonsense. These privileges do not protect facts or protect the identity of witnesses. Finally, you have objected in that the information is more appropriately requested from the plaintiff. This is not a basis for refusing to respond. See: Moore Federal Practice: §33-73. Please provide full responses.

### Interrogatory Response 21- 23

Please supplement your response by identifying each and every individual (other than the plaintiffs) who allegedly have information about the alleged receipt of the handbook. At a minimum this would have to involve the individual or individuals who allegedly gave the plaintiff the handbook and any witnesses to such alleged conduct.


## Responses to Production Requests

### General Objections

With respect to General Objection One to the extent that you are objecting to providing information due to legitimate privacy concerns, please see the attached protective order. Based on this, I presume that you will promptly respond to any interrogatories to which you have not replied based on this objection. Please let me know if this is incorrect.

With respect to General Objection Two, I believe that the requests which lack a specific time frame are sufficiently limited by the nature of the request itself, and, therefore are not overly broad and are reasonably calculated to lead to the discovery of admissible evidence. If you have a specific objection to a request, please let me know.

With respect to General Objection Three, in defendant's discovery of the plaintiffs', defendant repeatedly used the term "referring to or relating to". Thus it

Lynn Kappelman
Date: July 14, 2003
Page: 7

appears that the defendant is comfortable with the use and meaning of the term, and
that it does not find the word "relate" to be overly vague or ambiguous.   Based on this,
I presume that you will promptly respond to any interrogatories to which you have not
replied based on this objection.  Please let me know if this is incorrect.

     With respect to General Objection Number Five, please provide a privilege log.

**Request Number 1**

     You have objected on the grounds of privilege and on the grounds that the
request is overly broad.  Since the request seeks only documents relating or referring to
the Answer or affirmative defenses, it is clearly not overly broad.  With respect to
claims of  privilege, please produce a log.  You have identified numerous documents
already produced.  To the extent that there are no other responsive documents, this is
sufficient.  Please let me know if there are other responsive documents.

**Request Number 2**

     You have objected on the grounds of privilege and on the grounds that the
request is overly broad.  Since the request seeks only documents referred to or relied
on in answering the interrogatories,  it is clearly not overly broad.  You have identified
numerous documents already produced.  To the extent that there are no other non-
privileged, responsive documents, this is sufficient.  Please let me know if there are
other responsive documents.

**Request Number 3**

     You have objected on the grounds of privacy rights of other employees,  privilege
and on the grounds that the request is overly broad, unduly burdensome and not
reasonably calculated to the discovery of admissible evidence.   Since the request
seeks only documents concerning previous complaints and investigations of sex
discrimination, harassment and retaliation for an 8 year period, and  since the
defendant contends that it has an effective complaint and investigation procedure, the
request is clearly not overly broad, or unduly burdensome and <u>is</u> reasonably calculated
to lead to the discovery of admissible evidence.     With respect to claims of  privilege,
please produce a log.  With respect to the privacy rights of other employees, please
see attached protective order.    Please let me know if there are other responsive
documents.

Lynn Kappelman
Date: July 14, 2003
Page: 8

### Request Numbers 4-6

You have objected that this request which seeks documents concerning "discipline" is vague and ambiguous.  Please use the normal dictionary definition of the term.    Please let me know if there are other responsive documents.

### Request Number 7

· This request seeks information which relates to the treatment of similarly situated employees, and to the treatment of the alleged harassers in this case.    I will wait to see the response to the rest of the discovery prior to addressing these objections.

### Request Number 8

Please provide any documents concerning the handling of complaints and/or conducting investigations.

### Request Number 9

This request seeks documents relating to the any training given to employees concerning discrimination, retaliation or sexual harassment.   Since you have raised a defense that the defendant has an effect complaint procedure, such training is clearly relevant.   The request is not overly broad (since it covers the period that the plaintiffs were being harassed).  I do not understand the claim that this is vague, ambiguous or burdensome.   Please let me know what you find unclear.   Please let me know if there are responsive documents.

### Request Number 10

This seeks the defendant's own analysis and statistical information.  Please let me know why you believe production such documents would be burdensome, and why the defendant's own analysis could not lead to the discovery of admissible information.  To the extent that the over breadth objection deals with the lack of a time period, I am willing to limit the request from 1/1/97 to the present.

### Request Number 11

This request seeks information which relates to the treatment of similarly situated employees, and to damages.   I will wait to see the response to the rest of the discovery and determine if further information is necessary.

Lynn Kappelman
Date: July 14, 2003
Page: 9

### Request Numbers 12-15

Please let me know if there are other responsive documents.

### Request Number 17

I am willing to limit this to training concerning termination, transfers, sexual harassment, discrimination and retaliation during the period between 1/1/95 to the present.

### Request Numbers 18-24

Since the law treats supervisory employees differently than other employees in sexual harassment cases, the identified information is reasonably calculated to lead to the discovery of admissible evidence. Please let me know if there are other responsive documents.

### Request Numbers 25-27

Please let me know if there are other responsive documents.

### Request Numbers 28-34

You have objected that the request as vague and ambiguous. However, you were capable of responding to identical requests with respect to production requests 25-27. Please let me know what you do not understand. You further object that the personnel records of the identified harassers are not relevant and are not calculated to lead to the discovery of admissible evidence. Since the requested information would tend to show supervisory status, the existence of any other complaints and concerns about performance and any discipline meted out under the defendant's allegedly effective complaint procedure, the request is clearly reasonably calculated to lead to the discovery of admissible evidence known are clearly meritless. You have also objected based on the privacy rights of the employees. The attached protective order, should resolve this issue.

### Request Number 35

You have objected to the production of organizational charts during the period that the plaintiff's were being harassed, claiming that the request is ambiguous, calls for irrelevant material and is confidential. Again, I do not understand how this request could be considered ambiguous. Please let me know what you find unclear. Further, as you know the test is not relevance, but whether the request is reasonably calculated

Lynn Kappelman
Date: July 14, 2003
Page: 10

to the discovery of admissible evidence.  Since a response could help to identify
supervisors and/or the chain of command, the request clearly meets this standard.  To
the extent that the request involves confidential proprietary information, see attached
protective order.

### Request Numbers 36

This does not appear to be a complete list.   Indeed, it does not include Ms.
King or Mr. Patel.    Please contact me to discuss this.

### Request Numbers 37

The objection that documents showing "assets, liabilities and net worth" are
vague and ambiguous are specious.  The terms have commonly understood meanings.
The objection that the information is not relevant is similarly meritless, as the economic
well being of a company is clearly admissible with respect to punitive damages which
have been sought in this case.    With respect to the claim that the information is
confidential, the attached protective order, should resolve this concern.

As you may know, we need the information sought in discovery to take the
depositions in this case.  Such depositions will need to be concluded before the
settlement conference.  Thus, I would appreciate your response at your earliest
convenience.

Sincerely yours,

Mary E. Kelly

MEK/azh
Enclosure