# SEYFARTH SHAW
ATTORNEYS

World Trade Center East
Two-Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4888

Writer's e-mail
lkappelman@seyfarth.com

July 24, 2003

**VIA U.S. MAIL**

Mary E. Kelly
Livingston, Adler, Pulda, Meiklejohn & Kelly
557 Prospect Avenue
Hartford, CT 06105

      Re:    *McIntire, et al., v. Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa*

Dear Attorney Kelly:

    This letter serves as Pennant Foods's ("Pennant") response to your July 15, 2003 letter regarding its initial disclosures and its responses to Plaintiff's interrogatories and document requests. For ease of review, we have included herein (i) each interrogatory or request, (ii) Pennant's response, (iii) your objection, (iv) and Pennant's supplemental response to the same.

    First, we stand behind our General Objections as stated. Second, I do not agree with you that we must produce confidential personnel and other private information about Pennant's former and present employees merely because you have provided us with a protective order which you have drafted and signed. I believe the customary practice is to propose such an agreement as a compromise and if the parties agree, then they negotiate the terms of their agreement. You and I have not discussed whether a protective order will resolve any of our objections, let alone the terms of such a protective order. Finally, I can assure you that we intend to provide a privilege log to the extent that we have withheld any documents on the grounds that they are protected by the attorney-client or work/product privileges.

### Interrogatories

    ***INTERROGATORY NO. 2.*** Identify each and every person known by the Defendant to have knowledge of the facts underlying the complaint, the Defendant's answer, and/or the defenses to the Complaint, including the information believed to be known, the name, address, place of employment, job title and position of each person and please identify all documents which relate to this answer.



***RESPONSE TO INTERROGATORY NO. 2.*** Defendant objects to this Interrogatory on the grounds that it is ambiguous, burdensome, calls for privileged information, and calls for confidential proprietary information. Defendant further objects and respectfully refers Plaintiff to the identical information it provided to Plaintiff on May 16, 2003 in its Amended Initial Disclosures. Notwithstanding these objections, Defendant responds that, other than the Plaintiffs, the following individuals have direct knowledge of facts relevant to the Plaintiffs' Complaint, the Answer, and/or the defenses to the Plaintiffs' Complaint: Diana Figueroa, Human Resources Representative at Pennant's North Haven, Connecticut facility, has knowledge of aspects of Plaintiffs' employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiffs' Complaint; Gerald Loesche, Floor Supervisor of the first shift at Pennant's North Haven, Connecticut facility, has knowledge of certain aspects of Eva McIntire's and Maria Teresa Alexander's employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiff's Complaint; Joe Fusco, Production Supervisor of the third shift at Pennant's North Haven, Connecticut facility, has knowledge of certain aspects of Maria Elena Peña Mota's employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiffs' Complaint; Maria del Pilar Molina, Packer on the third shift at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in the Plaintiffs' Complaint.

Defendant also responds that the following individuals have direct knowledge of facts relevant to the Plaintiffs' Complaint, the Answer, and/or the defenses to the Plaintiffs' Complaint: Joan King, 240 Nemergut Drive, Stratford, CT 06614, former Human Resources Manager and former Plant Manager of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; David Schenkman, 42 Bungay Terrace Seymour, former Director of Frozen Manufacturing and former Plant Manager of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Bhavin Patel, 975 Mix Ave, Apt. T-6, Hamden, CT 06514, former Production Planning and Scheduling Manager on the first shift at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Raphael Martinez, 677 Brussell Street, New Haven, CT 06511, former employee of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Jessica Vega, Packer at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in the Plaintiffs' Complaint. Defendant states that Joan King and Bhavin Patel were Respondents in the initial action filed by Plaintiff Maria Teresa Alexander with the Connecticut Commission on Human Rights and Opportunities and also participated in privileged strategy conferences and assisted Pennant in developing its trial strategy in this case. David Schenkman also participated in these conferences. For these and other reasons, Joan King, Bhavin Patel, and David Schenkman are trial consultants under Connecticut law. As such, Plaintiff's counsel or agents may only contact them through the Defendant's counsel.

Case 3:03-cv-00126-SRU   Document 36-4   Filed 02/23/2004   Page 3 of 13

**SEYFARTH**
ATTORNEYS **SHAW**

Mary Kelly
July 24, 2003
Page 3

***OBJECTION TO INTERROGATORY NO. 2.*** I do not believe that this request is ambiguous or burdensome. Indeed, interrogatories seeking the identity of witnesses are clearly permitted. See: Moore's Federal Practice: §33-70. Furthermore, I do not see how the names of such witnesses could possibly be privileged. Please explain. To the extent that providing this information calls for confidential information, the signed protective order should resolve the objection. While you have provided a partial response, the defendant is required to provide all information known to the corporation, including but not limited to information known to any current non-managerial employees. Please supplement this response based on this. In addition, the interrogatory calls for the identification of any documents relating to the answer. Please comply.

*Pennant stands by its initial response.*

***INTERROGATORY NO. 3.*** Please identify and describe in detail each and every policy, practice, or procedure relating, or referring to complaints of retaliation, sexual harassment and/or sex discrimination for Defendant's employees and identify all documents which relate to this answer.

***RESPONSE TO INTERROGATORY NO. 3.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which Defendant disseminated at times in both English and Spanish and speak for themselves. Pennant also posts notices for its employees regarding anti-discrimination laws in accordance with state and federal law, copies of which are attached to Defendant's Responses to Plaintiff Eva McIntire's Request for Production of Documents and speak for themselves.

***OBJECTION TO INTERROGATORY NO. 3.*** To the extent that the response actually provides each and every policy, practice and procedure, the response is sufficient. To the extent that the defendant has had any unwritten or informal practices involving sex discrimination complaints, please provide such information.

*Pennant stands by its initial response.*

***INTERROGATORY NO. 4.*** Please identify and describe in detail the policy, practice or procedure used by the Defendants to investigate complaints of retaliation, sexual harassment and/or sex discrimination, including the individuals involved in the investigative process, the

**SEYFARTH SHAW**
ATTORNEYS

Mary Kelly
July 24, 2003
Page 4

training if any, received by each such individual, and please identify all documents that relate to the answer.

**RESPONSE TO INTERROGATORY NO. 4.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which speak for themselves.

**OBJECTION TO NO. NUMBER 4.** This interrogatory seeks information as to the defendant's practices with respect to the investigation of complaints. Your answer is non-responsive. The interrogatory calls for an explanation of the practices, policies and procedures, an identification of the individuals involved in investigating such complaints, the training provided to such individual and all related documents. I do not see what is vague and ambiguous about this. Nor do I understand how this could be unduly burdensome. Please let me know what you are unable to understand about the request and/or why you feel that it is too burdensome.

*Pennant stands by its initial response.*

**INTERROGATORY NO. 5.** Please identify and describe in detail all steps taken between January 1997 and the present to ensure a workplace free of retaliation, sexual harassment and/or discrimination, and identify all individuals involved, including his or her name, address, title and relationship to the Defendant and identify any and all documents which relate to this answer.

**RESPONSE TO INTERROGATORY NO. 5.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant responds that Pennant is committed to enforcing its equal employment policy contained in its Employee Manual, which was and is distributed to each and every Pennant employee, and fostering a work environment free from unlawful discrimination. Defendant further states that in addition to posting notices for its employees regarding anti-discrimination laws in accordance with state and federal law, the Defendant has also provided its employees with sex harassment training and anti-discrimination counseling.

**INTERROGATORY NO. 9.** Please identify any and all training or education that the Defendant provided to its employees with respect to sexual harassment, retaliation, and/or discrimination between January 1995 and the present. Please identify any and all documents which relate to this answer.

**SEYFARTH SHAW**
ATTORNEYS

Mary Kelly
July 24, 2003
Page 5

**RESPONSE TO INTERROGATORY NO. 9.** Defendant respectfully refers Plaintiff to its Response to Interrogatory Number 5.

**OBJECTION TO INTERROGATORY NOS. 5 AND 9.** You have failed to identify the individuals who allegedly provided the sexual harassment training and anti-discrimination counseling, and have further failed to provide the documents related to the training and counseling. You also failed to identify the person or persons who allegedly distributed the Employee Manual to each and every employee. Obviously identifying these individuals and the related documents would not be overly burdensome. Nor could this portion of the interrogatory be considered too vague or ambiguous. If there are other measures taken by the defendant during the relevant time period, please let me know why it would be too burdensome to identify them.

*Pennant stands by its initial response.*

**INTERROGATORY NO. 6.** Please describe the alleged decision to terminate Joan King, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communications concerning the decision. Please identify any and all documents which relate to this answer.

**RESPONSE TO INTERROGATORY NO. 6.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

**INTERROGATORY NO. 7.** Please describe the alleged decision to terminate Bhavin Patel, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

**RESPONSE TO INTERROGATORY NO. 7.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

**INTERROGATORY NO. 8.** Please describe the alleged decision to terminate Guillermo Palma, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

Case 3:03-cv-00126-SRU   Document 36-4   Filed 02/23/2004   Page 6 of 13

**SEYFARTH**
ATTORNEYS **SHAW**

Mary Kelly
July 24, 2003
Page 6

***RESPONSE TO INTERROGATORY NO. 8.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

***OBJECTION TO INTERROGATORY NOS. 6 THROUGH 8.*** I do not believe that details surrounding the termination of three of the key harassers in this case is vague, or ambiguous. Please let me know what portion of the request you find unclear and I will attempt to respond to your concerns.

The claim that these requests are not reasonably calculated to lead to the discovery of admissible evidence is nonsense. Clearly, evidence that these individuals were- in fact- terminated for harassing the plaintiffs would be relevant with respect to the defendants denial of certain allegations. Similarly, communications about misconduct by these individuals could be admissible with respect to the defendant's credibility determinations. Thus, a complete response, including the documents should be provided.

With respect to the claim of attorney client communications, I am not clear what this refers to. Nor do I understand what statutory and/or common law privacy rights you are referring to. As I am sure you know, if the defendant seeks to rely on an alleged good faith investigation of plaintiffs claims, they may not assert privilege or privacy in connection with these investigations. Moreover, I presume any privacy issues will be resolved by the protective order. Please call me so that we can discuss these objections.

Pennant stands by its initial response. Furthermore, the details surrounding the terminations of Joan King, Bhavin Patel, and Guillermo Palma, which all occurred subsequent to the Plaintiffs filing their claims with the Connecticut Commission on Human Rights and Opportunities, are both undiscoverable and inadmissible at trial. *See, e.g., Curcio v. Chinn Enter., Inc.*, No. 95-C-821, 1996 U.S. Dist. LEXIS 2816, at *6-7 (N.D. Ill. Jan. 29, 1996); *see also Spina v. Forest Preserve of Cook County*, No. 98-C-1393, 2001 U.S. Dist. LEXIS 19146, at *35 (N.D. Ill. Nov. 23, 2001); *Dennis v. Fairfax*, 55 F.3d 151, 154 (4th Cir. 1995).

***INTERROGATORY NO. 10.*** Please identify and describe in detail each and every written or verbal communication, from January 1995 through the present, that the Defendant has or has had concerning criticism of any of the Plaintiffs' conduct in the workplace, identify all persons who participated in any such communication, and all documents which relate to this answer.

***RESPONSE TO INTERROGATORY NO. 10.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which Defendant has provided to Plaintiffs and their Plaintiffs' counsel as part of Defendant's initial disclosures.

Case 3:03-cv-00126-SRU   Document 36-4   Filed 02/23/2004   Page 7 of 13

**SEYFARTH**
ATTORNEYS **SHAW**

Mary Kelly
July 24, 2003
Page 7

***INTERROGATORY NO. 17.*** Please identify and describe in detail each and every basis for the Defendant's denial that each of the Plaintiffs performed her job well as alleged in the Complaint, including the individuals who have provided such information, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

***RESPONSE TO INTERROGATORY NO. 17.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

***OBJECTION TO INTERROGATORY NOS. 10 AND 17.*** You have objected on the grounds that request is vague and ambiguous. I do not believe it is, but let me explain. In your answer, you have denied that each of the plaintiffs' had satisfactory performance. You have also claimed that the plaintiffs' did not find the sexually harassing conduct directed at them in the workplace to be objectionable. Consequently, I am seeking all communications involving any criticism of the plaintiff's conduct in the workplace and all facts and documents relating to any claimed misconduct.

You have provided the personnel files of each plaintiff. To the extent that this includes each and every piece of criticism (verbal or written) and fully identifies each and every fact, document and person, the answer is fine. To the extent that you contend that there are other communications critical of the plaintiff's performance or conduct, or to the extent that the documents in the file fail to fully identify the persons involved, all of the facts surrounding the event, and/or all of the documents relating to the alleged performance issue or conduct, please provide supplemental responses.

*Pennant stands by its initial response.*

***INTERROGATORY NO. 11.*** Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff McIntire in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

***RESPONSE TO INTERROGATORY NO. 11.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

***INTERROGATORY NO. 12.*** Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff Pena Mota in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of



pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

**RESPONSE TO INTERROGATORY NO. 12.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

**OBJECTION TO INTERROGATORY NOS. 11 AND 12.** I do not understand what you find vague or ambiguous about the requests- which seek the identity, benefits, and compensation of the persons who are performing the duties previously performed by the plaintiffs. The request is reasonably calculated to lead to the discovery of information relevant to damages: i.e. what each of the plaintiffs would have earned absent the constructive discharge.

*Pennant stands by its initial response.*

**INTERROGATORY NO. 13.** Please identify each and every employee who has complained of sexual harassment, retaliation, sexual misbehavior or sex discrimination from 1995 to the present, and describe each such complaint and the Defendant's response if any. Please identify all documents which relate to each such complaint or to this answer.

**RESPONSE TO INTERROGATORY NO. 13.** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant states that, other than the Plaintiffs, Seema Srivastara alleged sexual harassment and filed a Complaint with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") in 2000. Ms. Srivastara later requested a right to sue letter from the CHRO. The Defendant further states that the matter was resolved to the satisfaction of all parties, all of whom executed a confidential settlement agreement.

**OBJECTION TO INTERROGATORY NO. 13.** Please explain why this is too broad and too burdensome. I am seeking only the formal and informal complaints of sexual misconduct, harassment and discrimination, and retaliation. This clearly could lead to the discovery of admissible evidence- particularly given the defendant's claim that it reacted promptly and effectively to such complaints. To the extent that you contend that Ms. Srivastara is the only employee who made formal or informal complaints- either internally or externally, please identify and provide all of the documents related to the complaints. To the extent that there are other such complaints, please supplement your response.

*Pennant stands by its initial response.*

**SEYFARTH SHAW**
ATTORNEYS

Mary Kelly
July 24, 2003
Page 9

*INTERROGATORY NO. 14.* Identify any and all employees who have been disciplined or terminated by Defendant from 1995 to the present, including but not limited to, the name of each employee, position held, length of time employed by defendant, the reason(s) for discipline or separation from employment, any and all steps taken to inform the employee of a discipline problem (including the dates on which any and all steps of discipline were taken), and the date of termination, if any, and identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 14.* Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

*OBJECTION TO INTERROGATORY NO. 14.* This interrogatory seeks information which could be relevant based on your response to interrogatories 6-8. I will wait to see the response to those prior to addressing these objections.

*Pennant stands by its initial response.*

*INTERROGATORY NO. 15.* Please identify and describe in detail any and all insurance policies that the Defendant has which may cover the defense of this Complaint and identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 15.* Defendant objects to this Interrogatory on the grounds that it is ambiguous and burdensome. Notwithstanding these objections, Defendant responds that the following insurance companies may be liable to satisfy, or indemnify the Defendant for, part or all of a judgment that the Court may enter in the current action: Kemper Insurance Company for matters arising prior to April 1, 2003, and St. Paul Marine and Fire Insurance Company for matters arising after April 1, 2003.

*OBJECTION TO INTERROGATORY NO. 15.* Please provide the policies.

*Subject to and without waiving its previous objections, Pennant will produce all available responsive and non-privileged documents.*

*INTERROGATORY NO. 16.* Please identify and describe in detail all benefits, including but not limited to, salary, health and other insurance, pension and/or 401K plans that Defendant has provided to its employees from 1999 through to the present, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.



**RESPONSE TO INTERROGATORY NO. 16.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant responds that Pennant provided the Plaintiffs with medical and dental benefits, long-term disability insurance, short-term disability insurance, accidental death and dismemberment insurance, 401(k) plan, and competitive salaries. Further, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

**OBJECTION TO INTERROGATORY NO. 16.** This request seeks information as to the benefits provided prior to the plaintiffs constructive discharge and subsequent to the discharges. This is obviously relevant to damages. You have failed to identify all of the documents, which would include the benefit booklets and ERISA documents for each benefit, the insurance policies, any documents showing 401 k benefits paid by the defendant for employees, and the defendant's records showing the allegedly competitive salaries. Please supplement your response.

*Pennant stands by its initial response.*

**INTERROGATORY NO. 18.** Please state each and every act of Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander which Defendant claims tends to show that the sexual conduct complained of in this litigation was not unwelcome. For each such act, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the alleged conduct, and please identify all documents which relate to this answer.

**RESPONSE TO INTERROGATORY NO. 18.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges.

**INTERROGATORY NO. 19.** Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander had a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the alleged relationship, and please identify all documents which relate to this answer.

**RESPONSE TO INTERROGATORY NO. 19.** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.



*INTERROGATORY NO. 20.* Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander was willing to engage in a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the plaintiffs alleged willingness, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 20.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

*OBJECTION TO INTERROGATORY RESPONSE NOS. 18 THROUGH 20.* You have objected to these interrogatories as vague and ambiguous. Please let me know what you think is unclear. You have objected on the grounds that the factual basis of your allegations are protected by the work product and/or attorney client privileges. This is nonsense. These privileges do not protect facts or protect the identity of witnesses. Finally, you have objected in that the information is more appropriately requested from the plaintiff. This is not a basis for refusing to respond. See: Moore Federal Practice: §33-73. Please provide full responses.

*Pennant stands by its initial response.*

*INTERROGATORY NO. 21.* Please identify each and every person who the Defendant believes has information concerning Plaintiff McIntire's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 21.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms marked as Exhibit 6 of Plaintiff McIntire's deposition on May 6, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

*INTERROGATORY NO. 22.* Please identify each and every person who the Defendant believes has information concerning Plaintiff Pena Mota's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

**SEYFARTH SHAW**
ATTORNEYS

**SEYFARTH**
ATTORNEYS **SHAW**

***RESPONSE TO INTERROGATORY NO. 22.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding these objections, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Form marked as Exhibit 6 of Plaintiff Pena Mota's deposition on May 7, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

***INTERROGATORY NO. 23.*** Please identify each and every person who the Defendant believes has information concerning Plaintiff Alexander's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

***RESPONSE TO INTERROGATORY NO. 23.*** Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms contained in Ms. Alexander's personnel file, which are marked as Exhibit 6 to Ms. Alexander's deposition and which Defendant produced to Plaintiffs as part of its Initial Disclosures.

***OBJECTION TO INTERROGATORY RESPONSE NOS. 21 THROUGH 23.*** Please supplement your response by identifying each and every individual (other than the plaintiffs) who allegedly have information about the alleged receipt of the handbook. At a minimum this would have to involve the individual or individuals who allegedly gave the plaintiff the handbook and any witnesses to such alleged conduct.

*Pennant stands by its initial response.*