

Mary Kelly
July 24, 2003
Page 13

### Document Requests

**REQUEST NO. 1.** Produce all documents supporting or relating to the Defendant's answer and defenses to the Complaint.

**RESPONSE NO. 1.** Defendant objects to this request on the grounds that it is overly broad and calls for information protected by the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant refers Plaintiff to the documents Defendant has produced as part of its initial disclosures (see documents Bates numbered McIntire 000001 through McIntire 000956) and during the pendancy of Plaintiff's CHRO charge.

**OBJECTION TO REQUEST NUMBER 1.** You have objected on the grounds of privilege and on the grounds that the request is overly broad. Since the request seeks only documents relating or referring to the Answer or affirmative defenses, it is clearly not overly broad. With respect to claims of privilege, please produce a log. You have identified numerous documents already produced. To the extent that there are no other responsive documents, this is sufficient. Please let me know if there are other responsive documents.

*Pennant stands by its initial response.*

**REQUEST NO. 2.** If not included in Request No. 1, produce all documents the Defendant referred to or relied on in answering the foregoing interrogatories.

**RESPONSE NO. 2.** Defendant objects to this request on the grounds that it is overly broad and calls for information protected by the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant refers Plaintiff to the documents Defendant has produced as part of its initial disclosures (see documents Bates numbered McIntire 000001 through McIntire 000956) and during the pendancy of Plaintiff's CHRO charge.

**OBJECTION TO REQUEST NUMBER 2.** You have objected on the grounds of privilege and on the grounds that the request is overly broad. Since the request seeks only documents referred to or relied on in answering the interrogatories, it is clearly not overly broad. You have identified numerous documents already produced. To the extent that there are no other non-privileged, responsive documents, this is sufficient. Please let me know if there are other responsive documents.

*Pennant stands by its initial response.*



**REQUEST NO. 3.** If not already provided, produce all documents regarding any and all complaints or investigations of sexual harassment, retaliation, and/or sex discrimination by Defendant from 1995 through to the present, including any documents relating to the investigation or settlement of such complaints and any summaries or evaluations of such complaints.

**RESPONSE NO. 3.** Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees. Finally, Pennant objects on the grounds that the request calls for information protected by the attorney-client and work product privileges.

**OBJECTION TO REQUEST NUMBER 3.** You have objected on the grounds of privacy rights of other employees, privilege and on the grounds that the request is overly broad, unduly burdensome and not reasonably calculated to the discovery of admissible evidence. Since the request seeks only documents concerning previous complaints and investigations of sex discrimination, harassment and retaliation for an 8 year period, and since the defendant contends that it has an effective complaint and investigation procedure, the request is clearly not overly broad, or unduly burdensome and is reasonably calculated to lead to the discovery of admissible evidence. With respect to claims of privilege, please produce a log. With respect to the privacy rights of other employees, please see attached protective order. Please let me know if there are other responsive documents.

*Pennant stands by its initial objection.*

**REQUEST NO. 4.** If not already provided, produce each and every document concerning any discipline of Plaintiff McIntire.

**RESPONSE NO. 4.** Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiff to Plaintiff McIntire's personnel file, which Defendant provided to the Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000001 through McIntire 000175.

**REQUEST NO. 5.** If not already provided, produce each and every document concerning any discipline of Plaintiff Pena Mota.

**RESPONSE NO. 5.** Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiff to Plaintiff Mota's personnel file, which Defendant provided to Plaintiffs and their counsel as part



Mary Kelly
July 24, 2003
Page 15

of its initial disclosures. See documents Bates numbered McIntire 000176 through McIntire 000225.

**REQUEST NO. 6.** If not already provided, produce each and every document concerning any discipline of Plaintiff Alexander.

**RESPONSE NO. 6.** Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiff to Plaintiff Alexander's personnel file, which Defendant provided to the Plaintiffs and their counsel as part of its initial disclosures. See Bates Numbers McIntire 000226 through McIntire 000326.

**OBJECTION TO REQUEST NOS. 4 THROUGH 6.** You have objected that this request which seeks documents concerning "discipline" is vague and ambiguous. Please use the normal dictionary definition of the term. Please let me know if there are other responsive documents.

*Pennant stands by its initial response.*

**REQUEST NO. 7.** Please produce any and all documents that reflect factors considered in the decision-making process for transfers, promotions, job classification, compensation, discipline and/or termination with respect to salaried employees of Defendant.

**RESPONSE NO. 7.** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that this request is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence.

**OBJECTION TO REQUEST NO. 7.** This request seeks information which relates to the treatment of similarly situated employees, and to the treatment of the alleged harassers in this case. I will wait to see the response to the rest of the discovery prior to addressing these objections.

*Pennant stands by its initial objection.*

**REQUEST NO. 8.** Please produce any and all documents reflecting or relating to the policies of Defendant regarding sexual harassment, discrimination and/or retaliation from 1990 to the present, including but not limited to, all documents constituting guidelines or instructions for handling complaints or conducting internal investigations of complaints of discrimination or retaliation.



***RESPONSE NO. 8.*** Defendant refers Plaintiff to the Pennant Employee Handbooks, which contains policies entitled covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which Defendant disseminated at times in both English and Spanish and speak for themselves. Defendant states that it already provided copies of the Pennant Employee Handbooks to Plaintiffs as part of its initial disclosures. See Bates Numbers McIntire 000503 through McIntire 000595. Pennant also refers Plaintiff to the notices it posts for its employees regarding anti-discrimination laws in accordance with state and federal law, copies of which are attached and speak for themselves.

***OBJECTION TO REQUEST NUMBER 8.*** Please provide any documents concerning the handling of complaints and/or conducting investigations.

*Pennant stands by its initial response.*

***REQUEST NO. 9.*** Please produce any and all documents relating to any training of employees conducted by or on behalf of the Defendant with respect to discrimination, retaliation and/or sexual harassment between January 1990 and the present.

***RESPONSE NO. 9.*** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that this request is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence.

***OBJECTION TO REQUEST NUMBER 9.*** This request seeks documents relating to the any training given to employees concerning discrimination, retaliation or sexual harassment. Since you have raised a defense that the defendant has an effect complaint procedure, such training is clearly relevant. The request is not overly broad (since it covers the period that the plaintiffs were being harassed). I do not understand the claim that this is vague, ambiguous or burdensome. Please let me know what you find unclear. Please let me know if there are responsive documents.

*Subject to and without waiving its previous objections, Pennant states that it has produced all available responsive and non-privileged documents.*

***REQUEST NO. 10.*** Please produce any and all workforce profiles submitted to the EEOC or any other government agency, as well as all documents describing, explaining, or pertaining to the methods and techniques used in compiling, editing, modifying, or updating such reports.



**RESPONSE NO. 10.** Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

**OBJECTION TO REQUEST NUMBER 10.** This seeks the defendant's own analysis and statistical information. Please let me know why you believe production such documents would be burdensome, and why the defendant's own analysis could not lead to the discovery of admissible information. To the extent that the over breadth objection deals with the lack of a time period, I am willing to limit the request from 1/1/97 to the present.

*Pennant stands by its initial objection.*

**REQUEST NO. 11.** Please produce any and all data, including but not limited to machine readable databases, or computer generated or stored information, and all documents necessary to interpret machine readable or computer stored information, containing the following information for each Defendant's employees from January 1999 through the present, including historical information for each employee such that, for each year of their employment, information is produced about each data element identified below:

a. their compensation rate and total annual compensation;

b. their qualifications, training, and experience;

c. their seniority;

d. whether or not they have ever notified defendant of discrimination or retaliation;

e. any statement given related to the claims or defenses in the lawsuit;

f. their job, job classifications, pay codes, and pay grades;

g. their disciplinary records;

h. their work shift and location assignments;

i. their promotions, whether competitive or non-competitive, including each promotion sought by each employee; and

j. their performance and merit reviews.

k. The date and reason for any separation from employment.



Mary Kelly
July 24, 2003
Page 18

**RESPONSE NO. 11.**  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

**OBJECTION TO REQUEST NUMBER 11.**  This request seeks information which relates to the treatment of similarly situated employees, and to damages. I will wait to see the response to the rest of the discovery and determine if further information is necessary.

*Pennant stands by its initial objection.*

**REQUEST NO. 12.**  If not already provided, produce each and every document concerning Plaintiff McIntire's various employment positions with Defendant, including any job descriptions.

**RESPONSE NO. 12.**  Defendant respectfully refers Plaintiff to Plaintiff McIntire's personnel file, which Defendant has provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000001 through 000175. Defendant also refers Plaintiff to Defendant's written job descriptions, which it produced to Plaintiffs during the litigation of Plaintiffs' charges with the CHRO.

**REQUEST NO. 13.**  If not already provided, produce each and every document concerning Plaintiff Pena Mota's various employment positions with Defendant, including any job descriptions.

**RESPONSE NO. 13.**  Defendant respectfully refers Plaintiff to Plaintiff Mota's personnel file, which Defendant has provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000176 through 000225. Defendant also refers Plaintiff to Defendant's written job descriptions, which it produced to Plaintiffs during the litigation of Plaintiffs' charges with the CHRO.

**REQUEST NO. 14.**  If not already provided, produce each and every document concerning Plaintiff Alexander's various employment positions with Defendant, including any job descriptions.

**RESPONSE NO. 14.**  Defendant respectfully refers Plaintiff to Plaintiff Alexander's personnel file, which Defendant has provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000176 through 000225. Defendant also refers Plaintiff to Defendant's written job descriptions, which it produced to Plaintiffs during the litigation of Plaintiffs' charges with the CHRO.

**REQUEST NO. 15.**  If not already provided, produce any and all documents concerning any and all company policies, practices and/or procedures which were in effect from 1995 up to



the present, including but not limited to, evaluation policies, disciplinary policies, transfer policies, termination policies, leave of absence policies, and discrimination and retaliation policies. If these policies and practices vary by division or other sub-unit, include all documents reflecting any variations.

**RESPONSE NO. 15.** Defendant respectfully refers Plaintiff to the Pennant Employee Handbooks. Defendant states that it has provided copies of the Pennant Employee Handbooks to Plaintiffs as part of its initial disclosures. See documents Bates numbered McIntire 000503 through McIntire 000595.

**OBJECTION TO REQUEST NOS. 12 THROUGH 15.** Please let me know if there are other responsive documents.

*Subject to and without waiving its previous objections, Pennant states that it has produced all available responsive and non-privileged documents.*

**REQUEST NO. 17.** Please produce any and all documents relating to any training conducted by, or on behalf of, the Defendant concerning personnel or human resource issues.

**RESPONSE NO. 17.** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that this request is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence

**OBJECTION TO REQUEST NUMBER 17.** I am willing to limit this to training concerning termination, transfers, sexual harassment, discrimination and retaliation during the period between 1/1/95 to the present.

*Subject to and without waiving its previous objections, Pennant states that it has produced all available responsive and non-privileged documents.*

**REQUEST NO. 18.** If not already provided, please produce any and all job descriptions for the various positions held by Jerry Loesche.

**RESPONSE NO. 18.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt job descriptions which are Bates numbered McIntire 986 through McIntire 996.

**REQUEST NO. 19.** If not already provided, please produce any and all job descriptions for the various positions held by Joan King.



Mary Kelly
July 24, 2003
Page 20

**RESPONSE NO. 19.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt job descriptions which are Bates numbered McIntire 986 through McIntire 996.

**REQUEST NO. 20.** If not already provided, please produce any and all job descriptions for the various positions held by Bhavin Patel.

**RESPONSE NO. 20.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt job descriptions which are Bates numbered McIntire 986 through McIntire 996.

**REQUEST NO. 21.** If not already provided, please produce any and all job descriptions for the various positions held by Guillermo Palma.

**RESPONSE NO. 21.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**REQUEST NO. 22.** If not already provided, please produce any and all job descriptions for the various positions held by Maribel Carrasquillo.

**RESPONSE NO. 22.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**REQUEST NO. 23.** If not already provided, please produce any and all job descriptions for the various positions held by Henry Cooper.

**RESPONSE NO. 23.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**REQUEST NO. 24.** If not already provided, please produce any and all job descriptions for the various positions held by Mike Cote.

**RESPONSE NO. 24.** Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.



**OBJECTION TO REQUEST NOS. 18 THROUGH 24.** Since the law treats supervisory employees differently than other employees in sexual harassment cases, the identified information is reasonably calculated to lead to the discovery of admissible evidence. Please let me know if there are other responsive documents.

*Subject to and without waiving its previous objections, Pennant states that it has produced all available responsive and non-privileged documents.*

**REQUEST NO. 25.** If not already provided, please produce a complete copy of Plaintiff McIntire's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 25.** Defendant respectfully refers Plaintiff to Plaintiff McIntire's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered 000001 through 000175.

**REQUEST NO. 26.** If not already provided, please produce a complete copy of Plaintiff Pena Mota's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 26.** Defendant respectfully refers Plaintiff to Plaintiff Mota's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered 000176 through 000225.

**REQUEST NO. 27.** If not already provided, please produce a complete copy of Plaintiff Alexander's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 27.** Defendant respectfully refers Plaintiff to Plaintiff Alexander's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered 000226 through 000326.

**OBJECTION TO REQUEST NOS. 25 THROUGH 27.** Please let me know if there are other responsive documents.



    *Subject to and without waiving its previous objections, Pennant states that it has produced all available responsive and non-privileged documents.*

    ***REQUEST NO. 28.*** If not already provided, please produce a complete copy of Jerry Loesche's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

    ***RESPONSE NO. 28.*** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

    ***REQUEST NO. 29.*** If not already provided, please produce a complete copy of Joan King's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

    ***RESPONSE NO. 29.*** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

    ***REQUEST NO. 30.*** If not already provided, please produce a complete copy of Bhavin Patel's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

    ***RESPONSE NO. 30.*** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

    ***REQUEST NO. 31.*** If not already provided, please produce a complete copy of Maribel Carrasquillo's entire personnel file. Such personnel file should include, but is not limited to:



records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 31.** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**REQUEST NO. 32.** If not already provided, please produce a complete copy of Mike Cote's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 32.** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**REQUEST NO. 33.** If not already provided, please produce a complete copy of Henry Cooper's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 33.** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**REQUEST NO. 34.** If not already provided, please produce a complete copy of Guillermo Palma's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**RESPONSE NO. 34.** Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally,



Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**OBJECTION TO REQUEST NOS. 28 THROUGH 34.** You have objected that the request as vague and ambiguous. However, you were capable of responding to identical requests with respect to production requests 25-27. Please let me know what you do not understand. You further object that the personnel records of the identified harassers are not relevant and are not calculated to lead to the discovery of admissible evidence. Since the requested information would tend to show supervisory status, the existence of any other complaints and concerns about performance and any discipline meted out under the defendant's allegedly effective complaint procedure, the request is clearly reasonably calculated to lead to the discovery of admissible evidence known are clearly meritless. You have also objected based on the privacy rights of the employees. The attached protective order, should resolve this issue.

*Pennant stands by its initial objections.*

**REQUEST NO. 35.** If not already provided, please produce any and all corporate organizational charts concerning the defendant's Connecticut facilities which identify or define Defendant's corporate organizational structure from January 1990 through the present, including but not limited to documents identifying corporate manager positions and the individuals who occupied those positions.

**RESPONSE NO. 35.** Defendant objects to this request on the grounds that it is ambiguous, calls for irrelevant information, and calls for confidential information. Subject to and without waiving these objections, Defendant produces document Bates numbered McIntire 000957.

**OBJECTION TO REQUEST NUMBER 35.** You have objected to the production of organizational charts during the period that the plaintiffs were being harassed, claiming that the request is ambiguous, calls for irrelevant material and is confidential. Again, I do not understand how this request could be considered ambiguous. Please let me know what you find unclear. Further, as you know the test is not relevance, but whether the request is reasonably calculated to the discovery of admissible evidence. Since a response could help to identify supervisors and/or the chain of command, the request clearly meets this standard. To the extent that the request involves confidential proprietary information, see attached protective order.

*Pennant stands by its initial objections and states, subject to and without waiving its previous objections, that it has produced all available responsive and non-privileged documents.*

SEYFARTH SHAW
ATTORNEYS

Mary Kelly
July 24, 2003
Page 25

*REQUEST NO. 36.* Provide documentation of defendant's number of employees from 1/99 to date.

*RESPONSE NO. 36.* Defendant objects to this request on the grounds that it is vague and ambiguous, and more appropriately the subject of an interrogatory. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant responds that it possesses no document that is responsive to this request and produces its list of active employees as of 10/18/01 with annotations brining the information current. See document Bates numbered McIntire 000997 through McIntire 001002.

*OBJECTION TO REQUEST NUMBERS 36.* This does not appear to be a complete list. Indeed, it does not include Ms. King or Mr. Patel. Please contact me to discuss this.

*Pennant stands by its initial response.*

*REQUEST NO. 37.* Provide documentation of defendant's assets and liabilities and the net worth of the company from 1999 through to the present.

*RESPONSE NO. 37.* Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for confidential and proprietary information.

*OBJECTION TO REQUEST NO. 37.* The objection that documents showing "assets, liabilities and net worth" are vague and ambiguous are specious. The terms have commonly understood meanings. The objection that the information is not relevant is similarly meritless, as the economic well being of a company is clearly admissible with respect to punitive damages which have been sought in this case. With respect to the claim that the information is confidential, the attached protective order, should resolve this concern.

*Pennant stands by its initial objection.*

**SEYFARTH SHAW**
ATTORNEYS

Mary Kelly
July 24, 2003
Page 26

As stated previously in each of Pennant's responses to your written discovery, Pennant's responses to the same are based on information currently available to Pennant. Pennant specifically reserves the right to amend, modify, or supplement its responses and objections as additional relevant information becomes known during discovery.

Sincerely,

SEYFARTH SHAW

Lynn A. Kappelman

cc: Damian W. Wilmot

BO1 15591429.1