UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
EVA MCINTIRE, :
MARIA ELENA PEÑA MOTA, :
MARIA TERESA ALEXANDER, :
: CIVIL ACTION NO.
Plaintiffs : 303CV0126(GLG)
v. :
:
PENNANT FOODS, INC., :
d/b/a Chef Solutions, Inc., a wholly :
owned subsidiary of Lufthansa, :
:
Defendant. :
_____ : March 11, 2004

**PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

As is explained in detail in the Memorandum in Support of Plaintiff's Motion to Compel Discovery and Requests for Sanctions, the Defendant, Pennant Foods Inc. has failed to disclose the facts underlying its affirmative defenses. The Defendant has claimed that the details of its investigations, including the questions witnesses were asked, are privileged because counsel conducted in the investigations. The Defendant has claimed that the investigatory documents, including the notes of witness interviews, are similarly privileged. When the Plaintiffs scheduled a FRCP 30(b)(6) deposition of the corporation to discover the factual basis for the defenses, the Defendant failed to provide a properly prepared and educated witness, and claimed that the details of the investigations, while known to the Defendant's current and former legal counsel, were somehow not "available" to the corporation.

Pursuant to Local Rule 9(d), the parties engaged in extensive discussions in an

attempt to resolve their disagreements regarding which facts and documents need to be produced. Those discussions failed to resolve the dispute.

Therefore, pursuant to Fed. R.Civ.P. 37, Plaintiffs Eva McIntire, Maria Elena Pena Mota and Maria Teresa Alexander respectfully request that this Court: (1) issue an order compelling the Defendant to produce any and all documents concerning or relating to Defendant's investigations or response to any sex discrimination or sexual harassment complaints since 1997; (2) order the Defendant to pay the costs for the re-deposition of alleged harasser Bhavin Patel so that all questions Patel was instructed not to answer on the basis of privilege may be answered; (3) order the Defendant to produce a fully educated and informed FRCP 30(b)(6) witness who is capable of providing all information available to the Defendant with respect to its investigations and with respect to all other issues set out in the FRCP 30(b)(6) notice; and pay the costs for this re-deposition; (4) order Defendant to pay reasonable attorneys fees and costs for the preparation of this motion; and (5) order that Defendant's Counsel comply with FRCP 30(d)(1) with respect to future depositions in this case.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,

BY: _____

Mary E. Kelly # 07419
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Compel and Request for Sanctions was mailed first class mail, postage pre-paid this day 11th of March, 2004 to all counsel of record as follows:

| | |
|---|---|
| Lynn Kappelman, Esq. | Douglas Varga, Esq. |
| Damian Wilmot, Esq. | Zeldes, Needle & Cooper |
| Seyfarth, Shaw | 1000 Lafayette Boulevard |
| World Trade Center East | P.O Box 1740 |
| Two Seaport Lane, Suite 300 | Bridgeport, CT 06601-1740 |
| Boston, MA 02210-2028 | |

_____
Mary E. Kelly