In a transparent attempt to avoid the impact of these cases, the Defendant now argues that it is not relying on the investigations themselves– only on the findings reached and actions taken as a result of these investigations. However, as was explained above, it is impossible to determine the reasonableness of the findings reached by the Defendant or the actions taken, without full knowledge of the investigation. As was explained in McGrath, 204 F.R.D. at 245, the sufficiency of the Defendant's response must be evaluated in light of what the Defendant learned in its investigation, and any, "attempt to parse its investigation from the whole of its remedial measures is artificial". Indeed,

> [w]here, as here, the employer defends itself by relying on the reasonableness of its response to the victims allegations, the adequacy of the employer's investigations becomes critical to the issue of liability.

Brownell, 185 F.R.D. at 25; Worthington, 177 F.R.D. at 118 (noting that the investigation and report of counsel were discoverable so long as defendant relied on affirmative defense of effective remedial action, and claimed that conduct complained of was not unwelcome). See Also: Matsushita Electronics Corp. v. Loral Corp., 1995 WL 527640, at * 2 (S.D.N.Y.1995) (waiver found where party raised defense of reasonable reliance on counsel, because "that determination may turn on, among other things, what information was known to the attorney when formulating his or her opinion").

> By asking [counsel] to serve multiple duties, the defendants have fused the roles of internal investigator and legal advisor. Consequently, [the defendant] cannot now argue that its process is shielded from discovery. Consistent with the doctrine of fairness,    plaintiffs must be permitted to probe the substance of [the defendant's] alleged investigation to determine its sufficiency. Without having evidence of the

26

> actual content of the investigation, neither the plaintiffs, nor the factfinder at trial can discern its adequacy...
>
> Justice requires that the plaintiffs be permitted to respond to the defenses asserted with a full spectrum of information. [The defendant] may not withhold essential information with regard to its internal investigation. That [the defendant] chose to enlist its attorney to act with dual purpose does not provide sufficient basis to overcome the unfairness of limiting the information it provides.....

Harding, 914 F.Supp. at 1093-1099.

By choosing to raise the Farragher-Ellerth affirmative defenses in this case, the Defendant has waived any claims of attorney client or work product privilege with respect to the nature, scope and substance of the Defendant's investigations into the sexual harassment complaints of the Plaintiffs and of Seema Srivistara, the recommendations made as a result of these investigations, and any actions taken as a result of these investigations. The Plaintiffs, therefore, respectfully request that the Court order the Defendant to produce any documents relating to the investigations, recommendation and actions taken that were withheld on the basis of privilege,[17] pay the costs for the re-deposition of Bhavin Patel so that answers to all questions Patel was instructed not to answer may be provided, and pay the reasonable costs and attorneys fees for the production of this motion.

### C. The Defendant Improperly Failed to Provide a F.R.C.P. 30(b)(6) Witness with Complete, Knowledgeable and Binding Information

The Defendant has also failed to comply with the unambiguous requirements of F.R.C.P. 30(b)(6). Specifically, the Defendant failed to properly prepare a designee to

---

[17] Of course, the portions of documents concerning trial strategy or the legal advice of counsel may be redacted.

27

testify, " as to all matters known or **reasonably available** to the organization."
F.R.C.P. 30(b)(6) (emphasis added).

As one recent case has pointed out,

[a] deposition pursuant to Rule 30(b)(6) is substantially different from
a witness's deposition as an individual. A 30(b)(6) witness testifies as a
representative of the entity, his answers bind the entity and he is responsible
for providing all the relevant information known or reasonably available
to the entity... The Rule 30(b)(6) designee does not give his personal opinions.
Rather, he presents the corporation's "position" on the topic... The
corporation must provide its interpretation of documents and events.....
The designee, in essence, represents the corporation just as an
individual represents him or herself at a deposition.

Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., 2002 WL 1835439 at *2-*3, (S.D.N.Y.2002), See Also: Sabre v. First Dominion Capital, LLC, 2001 WL 1590544 at *1 (S.D.N.Y.2001).

Because a F.R.C.P. 30(b)(6) witness is to speak on behalf of the corporation, it is not enough for a corporation to merely provide an officer, and permit the opposing party to explore that officer's personal knowledge of the issues. Rather, the corporation must make a conscientious, good-faith effort to designate someone familiar with the subject matter and/or to prepare such person or persons,

"in order that they can answer fully, completely [and] unevasively,
the questions posed as to the relevant subject matters.

Sony Electronics, Inc. v. Soundview Technologies, Inc, 217 F.R.D. 104 (D. Conn. 2002); Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 504 (D.Md. 2000) ("Upon notification of a deposition, the corporation has an obligation to investigate and identify and if necessary prepare a designee for each listed subject area and produce that

28

designee as noticed."); <u>Bank of New York v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 151 (S.D.N.Y.1997) (deponent must be prepared "to the extent matters are reasonably available, whether from documents, past employees, or other sources.").

Furthermore, the party has an affirmative duty to make available, "such number of persons as will be able to give complete, knowledgeable, and binding answers on it's behalf". <u>Reilly v. Natwest Markets Group, Inc.</u>, 181 F.3d. 253, 261 (2nd Cir. 1999); <u>Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co. Inc.</u>, 201 F.R.D. 33, 36 (D.Mass.2001). A party's failure to produce a fully prepared representative or representatives on the scheduled date of deposition, is, "for all practical purposes, no appearance at all", and may subject the party to sanctions. <u>Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.</u>, 228 F.3d 275, 303 (3rd Cir. 2000). Consequently, a party is not permitted to,

> "wait and see" what areas the designee might be able to cover as defendants did here. Such an approach results in delay and expense.

<u>Hayes v. Mazda Motor Corp.</u>, 2000 WL 33208121 at *4 (D. Md. 2002).

In the present case, the Defendant clearly did not make a conscientious effort to provide such number of persons as could provide complete, knowledgeable, and binding answers on it's behalf. In fact, Counsel began the deposition by admitting that the Defendant did not know whether the witness could provide complete responses. The Defendant sought to have the Plaintiffs determine the areas which the witness was unable to cover, suggesting that once the Plaintiffs did so, the Defendant would, "find someone else with knowledge". As was explained in <u>Hayes</u>, 2000 WL 33208121 at *4, this type of "wait and see" behavior is unacceptable.

29

Moreover, it was abundantly clear that the Defendant did not properly educate and prepare the witness with respect to the information available to the Defendant. Mr. Glancy did not have information available to the Defendant through it's trial consultants, and the Defendant had not attempted to speak to former employees, or even to its current employees in order to prepare Mr. Glancy to fully disclose the information available to the Defendant. This alone would be sufficient to subject the defendant to sanctions. See United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (a corporation is required to prepare "its Rule 30(b)(6) designee to the extent the matters are reasonably available, whether from documents, past employees, or other sources").

However, the facts in the present case are far more egregious. In this case, present legal counsel was either involved in, or conducted the investigations of the Plaintiffs' complaints, while previous legal counsel conducted the investigation into Ms. Srivistara's complaints. Thus, detailed information about the investigations was available the Defendant. Mr. Glancy, however, was not educated so that he could provide this information.

The Defendant apparently contends that this information is either privileged or not "available". This is nonsense. Facts are not privileged. The detailed facts concerning exactly what was said and done during the investigation could have been- and should have been provided to the designee[18]. Indeed, in Security Ins. Co. of Hartford v. Trademark Ins. Co., 218 F.R.D. 29, 33-34 (D. Conn. 2003), the Court explained that the defendant was,

---

[18]Furthermore, as was explained above, any claims of privilege were waived by the Defendant when it raised the affirmative defenses in this case.

30

> required to produce a witness capable of providing facts in support
> of the allegations within the Answer. In light of the affirmative duty
> Rule 30(b)(6), [the defendant's] corporate representative was
> obliged to gain some understanding of the underlying facts, regardless
> of the source identifying underlying facts, and to answer questions
> accordingly. It matters not that the witnesses understanding was
> gleaned from documents protected as work product, as the facts
> within those documents are not subject to protection.

Id.

Any claim that the information was not "available" to the corporation is similarly specious. While the term "reasonably available" is not defined by F.R.C.P. 30(b)(6), information known to retained counsel is clearly available to a party. See: In Re Vitamins Antitrust Litigation, 216 F.R.D. 168, 172-172 (D.D.C. 2003)(noting that defendant was "obligated to produce one or more 30(b)(6) witnesses who were thoroughly educated about the noticed deposition topics with respect to any and all facts known to Bioproducts or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel"); Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127 (D. MD 2002) (requiring production of 30(b)(6) witness to testify regarding facts obtained by counsel during discovery). See Also: Calzaturficio, 201 F.R.D. 33, 38-39 (D.Mass. 2001)(finding that documents within the party's control are "reasonably available" ).

The Defendant's conduct in failing to provide an educated witness was neither justified under the law, nor harmless. As one Court has recently explained,

> " Rule 30(b)(6) explicitly requires [a corporation] to have persons testify
> on its behalf as to all matters known or reasonably available to it and,
> therefore, implicitly requires such persons to review all matters known
> or reasonably available to it in preparation for the Rule 30(b)(6) deposition.
> This interpretation is necessary in order to make the deposition a
> meaningful one and to prevent the "sandbagging" of an opponent by
> conducting a half-hearted inquiry before the deposition but a thorough
> and vigorous one before the trial. This would totally defeat the purpose
> of the discovery process. The Court understands that preparing for a

31

> Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

Twentieth Century Fox, 2002 WL 1835439 at *2-*3. (citations omitted). See Also: AIA Holdings, S.A. v. Lehman Brothers, Inc., 2002 WL 1041356 at *3, (S.D.N.Y.2002).

In the present case, the Defendant failed to produce a F.R.C.P. 30(b)(6) witness prepared to provide all information reasonably available to the corporation with respect to the subjects identified in the deposition notice, and thereby denied the Plaintiffs a meaningful opportunity to cross-examine the Defendant as to issues critical to this case. Consequently, the Plaintiffs respectfully request that the Court order Defendant to produce a properly educated 30(b)(6) witness, and order that all expenses for this deposition, including all court reporter fees and all Plaintiffs' counsel fees (for the period of the deposition only) be paid by Defendant. In addition, the Plaintiffs' seek their reasonable attorneys fees and costs for the preparation of this motion.

### D. Defendant's Counsel Violated F.R.C.P. 30(d)(1)

Defendant's Counsel has also repeatedly violated F.R.C.P. 30(d)(1) by frustrating the Plaintiffs' attempts to take depositions. Defendant's Counsel made frequent speaking objections, refused to stop making such objections, and instructed the witness to remain in the room while she made such objections. Defendant's Counsel also answered questions directed at the witness, asked the witness questions in the middle of plaintiff's examination, interrupted after a question was answered to suggest that the witness misunderstood the question, thereby implying that the witness should change his answer, interrupted to ask clarifying questions- when the witness had not expressed confusion, interrupted to coach the witness and interrupted to make denigrating comments. In fact, in the 187 pages of deposition testimony for the 30(b)(6)

32

deposition, there are only 24 pages which do not include an objection, comment or interruption by Defendant's Counsel. (See Ex J.)

In describing the type of conduct that is prohibited by F.R.C.P. 30(d)(1), the Court in Calzaturficio, 201 F.R.D. at 39-40, explained,

> Counsel is not entitled to assist his witnesses during a deposition. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers."

Id. quoting Johnson v. Wayne Manor Apartments, 152 F.R.D. 56, 59 (E.D.Pa., 1993). Coaching the witness and making speaking objections are simply not permitted in depositions in federal cases. McDonough v. Keniston, 188 F.R.D. 22, 24 (D.NH, 1998). The Advisory Committee Notes to Rule 30 (d)(3) further explain that, "counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer". See Also: Dravo Corp v. Liberty Mut. Ins. Co., 164 F.R.D. 70 (D.Neb 1995); Phillips v. Manufacturers Hanover Trust Co., 1994 WL 116078 at *4 (S.D.N.Y.1994); Van Pilsum v. Iowa State University, 152 F.R.D. 179 (S.D.Iowa 1993).

In the present case, Defendant's Counsel clearly violated these standards. There is no doubt that her behavior is sanctionable. However, given the fact that Defendant's Counsel practices outside of the District of Connecticut, and may not be familiar with this Court's expectations, the Plaintiffs do not presently seek sanctions for this misconduct. Instead, the Plaintiffs merely request that the Court issue an order requiring that Defendant's Counsel comply with F.R.C.P. 30(d)(1) in all future

33

depositions.

## IV.    Conclusion

For the reasons set out in this memorandum, the Plaintiffs respectfully request that the Court: (1) issue an order compelling the Defendant to produce any and all documents concerning or relating to Defendant's investigations or response to any sex discrimination or sexual harassment complaints since 1997; (2) order the Defendant to pay the costs for the re-deposition of alleged harasser Bhavin Patel so that all questions Patel was instructed not to answer on the basis of privilege may be answered; (3) order the Defendant to produce a fully educated and informed F.R.C.P. 30(b)(6) witness who is capable of providing all information available to the Defendant with respect to its investigations and with respect to all other issues set out in the F.R.C.P. 30(b)(6) notice; and order the Defendant to pay the costs of this re-deposition (4) order Defendant to pay reasonable attorneys fees and costs for the preparation of this motion; and (5) order that Defendant's Counsel comply with F.R.C.P. 30(d)(1) with respect to future depositions in this case.

RESPECTFULLY,

The Plaintiff,

BY: _____
Mary E. Kelly # 07419
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

34

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum in Support of Plaintiffs' Motion to Compel and Request for Sanctions was mailed first class mail, postage pre-paid this 11th day of March, 2004 to all counsel of record as follows:

Lynn Kappelman, Esq.  
Damian Wilmot, Esq.  
Seyfarth, Shaw  
World Trade Center East  
Two Seaport Lane, Suite 300  
Boston, MA 02210-2028  

Douglas Varga, Esq.  
Zeldes, Needle & Cooper  
1000 Lafayette Boulevard  
P.O. Box 1740  
Bridgeport, CT 06601-1740  

_____  
Mary E. Kelly