UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVA McINTIRE,
MARIA ELENA PENA MOTA,
MARIA TERESA ALEXANDER,

     Plaintiffs,

v.

PENNANT FOODS, INC., d/b/a Chef
Solutions, Inc., a wholly owned subsidiary
of Lufthansa,

     Defendant.

CIVIL ACTION NO. 303-CV-0126(GLG)

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of SCIS Food Services which is owned by Lufthansa Corporation (" Defendant" or "Pennant") hereby supplements its responses to Plaintiff Eva McIntire's ("Plaintiff") First Set of Interrogatories (the "Interrogatories") and First Request for Production of Documents (the "Request for Documents"). Defendant states that it has not yet completed discovery in this case and therefore it will respond to the Interrogatories and Request for Documents on the basis of the information it has at this time. Defendant further states that these responses represent a corporate response and, as such, an authorized agent of the Defendant will verify them. Defendant reserves the right to supplement these responses. Defendant also incorporates as if set forth fully herein the general objections contained in its responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

Subject to the foregoing conditions and objections, and without waiving and without repeating any of them in any of the specific objections and answers, Pennant responds as follows:

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

*INTERROGATORY NO. 3.* Please identify and describe in detail each and every policy, practice, or procedure relating, or referring to complaints of retaliation, sexual harassment and/or sex discrimination for Defendant's employees and identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 3.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which Defendant disseminated at times in both English and Spanish and speak for themselves. Pennant also posts notices for its employees regarding anti-discrimination laws in accordance with state and federal law, copies of which are attached to Defendant's Responses to Plaintiff Eva McIntire's Request for Production of Documents and speak for themselves.

*OBJECTION TO INTERROGATORY NO. 3.* To the extent that the response actually provides each and every policy, practice and procedure, the response is sufficient. To the extent that the defendant has had any unwritten or informal practices involving sex discrimination complaints, please provide such information.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Provide a definite statement that Defendant's response to Interrogatory No. 3 is complete.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3.* Without waiving its previous objections, Pennant states that its response to Interrogatory No. 3 is complete, but reserves the right to supplement this response if necessary.

*INTERROGATORY NO. 4.* Please identify and describe in detail the policy, practice or procedure used by the Defendants to investigate complaints of retaliation, sexual harassment and/or sex discrimination, including the individuals involved in the investigative process, the training if any, received by each such individual, and please identify all documents that relate to the answer.

*RESPONSE TO INTERROGATORY NO. 4.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is

2

unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which speak for themselves.

**OBJECTION TO NO. NUMBER 4.** This interrogatory seeks information as to the defendant's practices with respect to the investigation of complaints. Your answer is non-responsive. The interrogatory calls for an explanation of the practices, policies and procedures, an identification of the individuals involved in investigating such complaints, the training provided to such individual and all related documents. I do not see what is vague and ambiguous about this. Nor do I understand how this could be unduly burdensome. Please let me know what you are unable to understand about the request and/or why you feel that it is too burdensome.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4.** Pennant stands by its initial response.

**JUDGE GARFINKLE'S ORDER:** Clarify which Pennant employees were responsible for investigating complaints of retaliation, sexual harassment and/or sex discrimination for the period January 1997 to the present and provide the time-frame they had this responsibility. Describe Pennant's investigation practices concerning such complaints.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4.** Without waiving its previous objections, Pennant states that from January 1997 to February 15, 2003, Joan King primarily was responsible for investigating complaints of retaliation, sexual harassment and/or sex discrimination at Pennant's facility in North Haven, Connecticut. Pennant also states that David Schenkman held these responsibilities from March 2002 to September 7, 2002. Pennant states that Diana Figueroa, a Human Resources Representative, has held these responsibilities since March 11, 2002. Pennant states that Richard Price, the Plant Director, has held these responsibilities since March 31, 2003. Pennant further states that, at all times, the supervisor, manager or department head who receives a complaint of retaliation, sexual harassment and/or sex discrimination is also responsible for investigating the complaint.

Pennant states that at its facility in North Haven, Connecticut, typically, when a supervisor, manager, department head or human resource representative receives a complaint of retaliation, sexual harassment and/or sex discrimination he/she promptly investigates the complaint. The investigation generally includes interviewing the complainant, the accused, and, if any, witnesses of the alleged improper conduct. The investigation is conducted as impartially and confidentially as possible. Based on the results of the investigation, the person(s) performing the investigation determines what, if any, action is appropriate to resolve the issue and administers that action. Typically, the person primarily responsible for the investigation advises the complainant of the results of the investigation and the disciplinary action to be taken, if any. Usually, the person primarily responsible for the investigation also informs the complainant that the Company strictly prohibits retaliation against the complainant and that the Company does not tolerate retaliation. Pennant also refers Plaintiff to bate-stamped documents McIntire 000358-000460, 000503-000595 produced previously.

3

*INTERROGATORY NO. 5.* Please identify and describe in detail all steps taken between January 1997 and the present to ensure a workplace free of retaliation, sexual harassment and/or discrimination, and identify all individuals involved, including his or her name, address, title and relationship to the Defendant and identify any and all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 5.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant responds that Pennant is committed to enforcing its equal employment policy contained in its Employee Manual, which was and is distributed to each and every Pennant employee, and fostering a work environment free from unlawful discrimination. Defendant further states that in addition to posting notices for its employees regarding anti-discrimination laws in accordance with state and federal law, the Defendant has also provided its employees with sex harassment training and anti-discrimination counseling.

*INTERROGATORY NO. 9.* Please identify any and all training or education that the Defendant provided to its employees with respect to sexual harassment, retaliation, and/or discrimination between January 1995 and the present. Please identify any and all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 9.* Defendant respectfully refers Plaintiff to its Response to Interrogatory Number 5.

*OBJECTION TO INTERROGATORY NOS. 5 AND 9.* You have failed to identify the individuals who allegedly provided the sexual harassment training and anti-discrimination counseling, and have further failed to provide the documents related to the training and counseling. You also failed to identify the person or persons who allegedly distributed the Employee Manual to each and every employee. Obviously identifying these individuals and the related documents would not be overly burdensome. Nor could this portion of the interrogatory be considered too vague or ambiguous. If there are other measures taken by the defendant during the relevant time period, please let me know why it would be too burdensome to identify them.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 5 AND 9.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Identify which Pennant employees were responsible for delivering the Employee Manual since January 1997 to the present. Identify which Pennant employees or individuals trained Pennant employees on sexual harassment, retaliation, and/or discrimination since January 1997 to the present.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 5 AND 9.* Without waiving its previous objections, Pennant states that from January 1997 to February 15, 2003, Joan King primarily was responsible for delivering the Employee Manual or other work rules to employees at Pennant's facility in North Haven, Connecticut. Pennant also states that from January 1997 to February 15, 2003, Ms. King also was responsible for training employees at Pennant's facility in North Haven, Connecticut on sexual harassment, retaliation, and/or

4

discrimination. Pennant further states that since March 11, 2002 Diana Figueroa, a Human Resources Representative, has been responsible for distributing Pennant's work rules to employees and training new-hires on the Company's rules on sexual harassment, retaliation, and discrimination.

*INTERROGATORY NO. 8.* Please describe the alleged decision to terminate Guillermo Palma, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 8.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

*OBJECTION TO INTERROGATORY NO 8.* I do not believe that details surrounding the termination of three of the key harassers in this case is vague, or ambiguous. Please let me know what portion of the request you find unclear and I will attempt to respond to your concerns.

The claim that these requests are not reasonably calculated to lead to the discovery of admissible evidence is nonsense. Clearly, evidence that these individuals were- in fact-terminated for harassing the plaintiffs would be relevant with respect to the defendants denial of certain allegations. Similarly, communications about misconduct by these individuals could be admissible with respect to the defendant's credibility determinations. Thus, a complete response, including the documents should be provided.

With respect to the claim of attorney client communications, I am not clear what this refers to. Nor do I understand what statutory and/or common law privacy rights you are referring to. As I am sure you know, if the defendant seeks to rely on an alleged good faith investigation of plaintiffs claims, they may not assert privilege or privacy in connection with these investigations. Moreover, I presume any privacy issues will be resolved by the protective order. Please call me so that we can discuss these objections.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8.* Pennant stands by its initial response. Furthermore, the details surrounding the terminations of Joan King, Bhavin Patel, and Guillermo Palma, which all occurred subsequent to the Plaintiffs filing their claims with the Connecticut Commission on Human Rights and Opportunities, are both undiscoverable and inadmissible at trial.. See, e.g., Curcio v. Chinn Enter., Inc., No. 95-C-821, 1996 U.S. Dist. LEXIS 2816, at *6-7 (N.D. Ill. Jan. 29, 1996); see also Spina v. Forest Preserve of Cook County, No. 98-C-1393, 2001 U.S. Dist. LEXIS 19146, at *35 (N.D. Ill. Nov. 23, 2001); Dennis v. Fairfax, 55 F.3d 151, 154 (4th Cir. 1995).

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8.* Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and

5

without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 001585-001588, which are attached hereto.

*JUDGE GARFINKLE'S ORDER:* Identify who were the decision-makers with regard to Guillermo Palma's termination and what the misconduct was Pennant terminated him for.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8.* Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant states that Joan King (former Human Resources Manager and former Plant Manager of Pennant's North Haven, Connecticut facility; last known address—240 Nemergut Drive, Stratford, CT 06614) made the decision to terminate Guillermo Palma's employment. Defendant further states that it terminated Mr. Palma's employment for failing to disclose a consensual sexual relationship with a subordinate.

Defendant designates the last known home addresses of Joan King as CONFIDENTIAL as that term is defined by the Confidentiality Agreement reached between the parties on or about September 16, 2003.

*INTERROGATORY NO. 11.* Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff McIntire in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 11.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

*OBJECTION TO INTERROGATORY NO. 11.* I do not understand what you find vague or ambiguous about the requests- which seek the identity, benefits, and compensation of the persons who are performing the duties previously performed by the plaintiffs. The request is reasonably calculated to lead to the discovery of information relevant to damages: i.e. what each of the plaintiffs would have earned absent the constructive discharge.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Identify by what percentage Pennant increases the wages of employees similarly situated to the Plaintiffs.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11.* Without waiving its previous objections, Pennant states that the Company has a policy of awarding pay increases that range from 0% to 3%. The percent of increase each employee receives or does not receive is based on the employee grade level.

NO. 3044    P. 6/18

NOV. 20. 2003  8:12PM

At the time she quit her employment with Pennant, Eva McIntire was a Grade 24 Machine Operator 3 and received $12.48 per hour. In 2002, if she had not quit her employment, she would have been eligible for a 3% increase, thus, making her pay $12.85 per hour. In 2003, if she had not quit her employment, she would have been eligible for a 3% increase, thus, making her pay $13.23 per hour. The maximum pay per hour for a Machine Operator 3 is $13.25 per hour. At the time she quit her employment with Pennant, Maria Elena Pena Mota was a Grade 34 General Worker 1 and received $12.29 per hour. In 2002, if she had not quit her employment, she would have been eligible for a 3% increase, thus, making her pay $12.65 per hour. That would have been her last increase because the maximum pay for a General Worker 1 is $12.50 per hour. Maria Teresa Alexander is a Grade 34 General Worker 1 and receives $12.54 per hour. She is not eligible for additional pay increases because the maximum pay for a General Worker 1 is $12.50 per hour.

*INTERROGATORY NO. 13.* Please identify each and every employee who has complained of sexual harassment, retaliation, sexual misbehavior or sex discrimination from 1995 to the present, and describe each such complaint and the Defendant's response if any. Please identify all documents which relate to each such complaint or to this answer.

*RESPONSE TO INTERROGATORY NO. 13.* Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant states that, other than the Plaintiffs, Seema Srivastara alleged sexual harassment and filed a Complaint with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") in 2000. Ms. Srivastara later requested a right to sue letter from the CHRO. The Defendant further states that the matter was resolved to the satisfaction of all parties, all of whom executed a confidential settlement agreement.

*OBJECTION TO INTERROGATORY NO. 13.* Please explain why this is too broad and too burdensome. I am seeking only the formal and informal complaints of sexual misconduct, harassment and discrimination, and retaliation. This clearly could lead to the discovery of admissible evidence- particularly given the defendant's claim that it reacted promptly and effectively to such complaints. To the extent that you contend that Ms. Srivastara is the only employee who made formal or informal complaints- either internally or externally, please identify and provide all of the documents related to the complaints. To the extent that there are other such complaints, please supplement your response.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Provide a definite statement that there where no other complaints of sexual harassment, retaliation, sexual misbehavior or sex discrimination from 1995 to the present other than those identified. Also, provide documents regarding Seema Srivastara's complaint to the CHRO if Pennant possesses such documents.

7

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13.* Without waiving its previous objections, Pennant states that its response to Interrogatory No. 13 is complete, but reserves the right to supplement this response if necessary. Pennant also states that it does not possess the documents regarding Seema Srivastara's complaint to the CHRO.

*INTERROGATORY NO. 16.* Please identify and describe in detail all benefits, including but not limited to, salary, health and other insurance, pension and/or 401K plans that Defendant has provided to its employees from 1999 through to the present, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

*RESPONSE TO INTERROGATORY NO. 16.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant responds that Pennant provided the Plaintiffs with medical and dental benefits, long-term disability insurance, short-term disability insurance, accidental death and dismemberment insurance, 401(k) plan, and competitive salaries. Further, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

*OBJECTION TO INTERROGATORY NO. 16.* This request seeks information as to the benefits provided prior to the plaintiffs constructive discharge and subsequent to the discharges. This is obviously relevant to damages. You have failed to identify all of the documents, which would include the benefit booklets and ERISA documents for each benefit, the insurance policies, any documents showing 401 k benefits paid by the defendant for employees, and the defendant's records showing the allegedly competitive salaries. Please supplement your response.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Provide copies of the benefits package Pennant provides to new hires.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16.* Without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 002088-002130, which are attached hereto.

*INTERROGATORY NO. 18.* Please state each and every act of Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander which Defendant claims tends to show that the sexual conduct complained of in this litigation was not unwelcome. For each such act, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the alleged conduct, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 18.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges.

*INTERROGATORY NO. 19.* Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander had a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the alleged relationship, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 19.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

*INTERROGATORY NO. 20.* Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander was willing to engage in a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the plaintiffs alleged willingness, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 20.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

*OBJECTION TO INTERROGATORY RESPONSE NOS. 18 THROUGH 20.* You have objected to these interrogatories as vague and ambiguous. Please let me know what you think is unclear. You have objected on the grounds that the factual basis of your allegations are protected by the work product and/or attorney client privileges. This is nonsense. These privileges do not protect facts or protect the identity of witnesses. Finally, you have objected in that the information is more appropriately requested from the plaintiff. This is not a basis for refusing to respond. See: Moore Federal Practice: §33-73. Please provide full responses.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 18 THROUGH 20.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Provide general responses regarding the facts that tend to show that the sexual conduct complained of by the Plaintiffs was not unwelcome. Provide this response before deposing the individuals who possess such information. Pennant can supplement this response with more detail after deposing the individuals who possess such information.

9

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 18 THROUGH 20.*
Without waiving its previous foregoing objections, Pennant refers Plaintiff to the deposition transcript of Griselda Valez and Francisco Gonzalez, both dated November 14, 2003. Pennant reserves the right to supplement this response as additional witnesses agree to testify or provide written statements showing that the sexual conduct complained of by the Plaintiffs was not unwelcome.

*INTERROGATORY NO. 21.* Please identify each and every person who the Defendant believes has information concerning Plaintiff McIntire's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 21.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms marked as Exhibit 6 of Plaintiff McIntire's deposition on May 6, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

*INTERROGATORY NO. 22.* Please identify each and every person who the Defendant believes has information concerning Plaintiff Pena Mota's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 22.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding these objections, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Form marked as Exhibit 6 of Plaintiff Pena Mota's deposition on May 7, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

*INTERROGATORY NO. 23.* Please identify each and every person who the Defendant believes has information concerning Plaintiff Alexander's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

*RESPONSE TO INTERROGATORY NO. 23.* Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms contained in Ms. Alexander's personnel file, which are marked as Exhibit 6 to Ms. Alexander's deposition and which Defendant produced to Plaintiffs as part of its Initial Disclosures.

*OBJECTION TO INTERROGATORY RESPONSE NOS. 21 THROUGH 23.* Please supplement your response by identifying each and every individual (other than the plaintiffs) who allegedly have information about the alleged receipt of the handbook. At a minimum this would have to involve the individual or individuals who allegedly gave the plaintiff the handbook and any witnesses to such alleged conduct.

10

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21 THROUGH 23.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Identify which Pennant employee had the Plaintiffs sign their respective Employee Handbook Acknowledgement Forms.

*SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21 THROUGH 23.* Without waiving its previous foregoing objections, Pennant states that Joan King distributed the Employee Handbook (or Manual) to the Plaintiffs and collected from the Plaintiffs their respective acknowledgements forms that they received the Employee Handbook (or Manual).

## SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS

*REQUEST NO. 10.* Please produce any and all workforce profiles submitted to the EEOC or any other government agency, as well as all documents describing, explaining, or pertaining to the methods and techniques used in compiling, editing, modifying, or updating such reports.

*RESPONSE NO. 10.* Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

*OBJECTION TO REQUEST NO. 10.* This seeks the defendant's own analysis and statistical information. Please let me know why you believe production such documents would be burdensome, and why the defendant's own analysis could not lead to the discovery of admissible information. To the extent that the over breadth objection deals with the lack of a time period, I am willing to limit the request from 1/1/97 to the present.

*SUPPLEMENTAL RESPONSE TO REQUEST NO. 10.* Pennant stands by its initial objection.

*JUDGE GARFINKLE'S ORDER:* Provide copies of Pennant's EEO-1 reports for the period January 1997 to the present, if any.

*SUPPLEMENTAL RESPONSE TO REQUEST NO. 10.* Without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 002086-002087, which are attached hereto. Defendant reserves the right to supplement this response if additional documents or information becomes available.

*REQUEST NO. 28.* If not already provided, please produce a complete copy of Jerry Loesche's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

11

*RESPONSE NO. 28.* Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

*REQUEST NO. 31.* If not already provided, please produce a complete copy of Maribel Carrasquillo's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

*RESPONSE NO. 31.* Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

*REQUEST NO. 32.* If not already provided, please produce a complete copy of Mike Cote's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

*RESPONSE NO. 32.* Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

*REQUEST NO. 33.* If not already provided, please produce a complete copy of Henry Cooper's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

*RESPONSE NO. 33.* Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

*OBJECTION TO REQUEST NOS. 28, AND 31 THROUGH 33.* You have objected that the request as vague and ambiguous. However, you were capable of responding to identical requests with respect to production requests 25-27. Please let me know what you do not understand. You further object that the personnel records of the identified harassers are not relevant and are not calculated to lead to the discovery of admissible evidence. Since the

12

requested information would tend to show supervisory status, the existence of any other complaints and concerns about performance and any discipline meted out under the defendant's allegedly effective complaint procedure, the request is clearly reasonably calculated to lead to the discovery of admissible evidence known are clearly meritless. You have also objected based on the privacy rights of the employees. The attached protective order, should resolve this issue.

*SUPPLEMENTAL RESPONSE TO REQUEST NOS. 28, AND 31 THROUGH 33.* Pennant stands by its initial objections.

*JUDGE GARFINKLE'S ORDER:* Provide the personnel files of Jerry Loesche, Maribel Carrasquillo, Mike Cote, and Henry Cooper.

*SUPPLEMENTAL RESPONSE TO REQUEST NOS. 28, and 31 THROUGH 33.* Without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 001598-002084, which are attached hereto. Pennant states that it will provide a copy of Mike Cote's personnel file. Pennant states that it is unable to locate a personnel file of a former employee named Henry Cooper. Defendant reserves the right to supplement this response if additional documents or information becomes available.

*REQUEST NO. 36.* Provide documentation of defendant's number of employees from 1/99 to date.

*RESPONSE NO. 36.* Defendant objects to this request on the grounds that it is vague and ambiguous, and more appropriately the subject of an interrogatory. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant responds that it possesses no document that is responsive to this request and produces its list of active employees as of 10/18/01 with annotations brining the information current. See document Bates numbered McIntire 000997 through McIntire 001002.

*OBJECTION TO REQUEST NUMBERS 36.* This does not appear to be a complete list. Indeed, it does not include Ms. King or Mr. Patel. Please contact me to discuss this.

*SUPPLEMENTAL RESPONSE TO REQUEST NO. 36.* Pennant stands by its initial response.

*JUDGE GARFINKLE'S ORDER:* Provide the number of employees Pennant employed from each year for the period January 1999 to the present. This response such include the low and high number of employees for each year.

*SUPPLEMENTAL RESPONSE TO REQUEST NO. 36.* Without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 002086-002087, which are attached hereto. Defendant reserves the right to supplement this response if additional documents or information becomes available.

13

*REQUEST NO. 37.* Provide documentation of defendant's assets and liabilities and the net worth of the company from 1999 through to the present.

*RESPONSE NO. 37.* Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for confidential and proprietary information.

*OBJECTION TO REQUEST NO. 37.* The objection that documents showing "assets, liabilities and net worth" are vague and ambiguous are specious. The terms have commonly understood meanings. The objection that the information is not relevant is similarly meritless, as the economic well being of a company is clearly admissible with respect to punitive damages which have been sought in this case. With respect to the claim that the information is confidential, the attached protective order, should resolve this concern.

*SUPPLEMENTAL RESPONSE TO REQUEST NO. 37.* Pennant stands by its initial objection.

*JUDGE GARFINKLE'S ORDER:* Pennant can either provide Plaintiffs with Second Circuit authority that supports its argument that Pennant's assets and liabilities and net worth is not needed at this time. Or, the parties can provide the Court with briefs supporting their respective arguments.

*SUPPLEMENTAL RESPONSE TO REQUEST NO. 37.* Pennant refers Plaintiffs to Pridgen v. Andersen, No. 3:94CV851, 1996 U.S. Dist. LEXIS 22208, at *2-3 (discovery of party's assets must occur post judgment); Sequa Corp. v. Gelmin, No. 91CIV8675, 1995 U.S. Dist. LEXIS 9338, at *6-7 & n.1 (S.D.N.Y. Jul. 7, 1995) (stating that discovery concerning an adversary party's assets is not permitted during the course of the litigation unless it is relevant to the merits of a claim); see, e.g., Resolution Trust Corp. v. Thornton, 309 U.S. App. D.C. 384, 41 F.3d 1539, 1547 (D.C. Cir. 1994) (federal rules generally prohibit litigant from discovering an opponent's assets "until after a judgment against the opponent has been rendered."); FTC v. Turner, 609 F.2d 743, 745 (5th Cir. 1980) (same); Sanderson v. Winner, 507 F.2d 477, 479-80 (10th Cir. 1974), cert. denied, 421 U.S. 914 (1975); Evans v. Calise, No. 92CIV8430, 1994 US Dist. LEXIS 6187, at *6-7 & n.2 (S.D.N.Y. May 12, 1994) (stating that "evidence of [a] defendant's wealth [can] not be brought out upon trial unless and until the jury [brings] in a special verdict that plaintiff is entitled to punitive damages against defendant" ... "This rule balances a plaintiff's interest in proving the amount of the defendant's wealth against the defendant's right to privacy and general desire not to divulge its finances.").

14

I, Bryan Glancy, Senior Director of Human Resources Supply Chain for Chef Solutions, Inc., have read the foregoing Supplemental Responses the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa to Plaintiff Eva McIntire's First Set of Interrogatories. The information in these responses has been obtained from Defendant's employees and others whom I believe reliable and capable of ascertaining the facts stated therein. As to those matters set forth in the answers about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS NOVEMBER 20, 2003.

_Bryan P. Glancy_

As to the Objections concerning Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories and to the Defendant's Supplemental Responses to Plaintiff's First Request of Production of Documents:

PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA

By its Attorneys,

Lynn A. Kappelman (ct # 03480)
Damian W. Wilmot (ct # 22694)
Seyfarth Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

## CERTIFICATE OF SERVICE

I, Damian W. Wilmot, hereby certify that on November 20, 2003, a true copy of the foregoing document was served by first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

Damian W. Wilmot, Esq.

I, Bryan Glancy, Senior Director of Human Resources Supply Chain for Chef Solutions, Inc., have read the foregoing Supplemental Responses the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa to Plaintiff Eva McIntire's First Set of Interrogatories. The information in these responses has been obtained from Defendant's employees and others whom I believe reliable and capable of ascertaining the facts stated therein. As to those matters set forth in the answers about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS NOVEMBER 20, 2003.

As to the Objections concerning Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories and to the Defendant's Supplemental Responses to Plaintiff's First Request of Production of Documents:

PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA

By its Attorneys,

Lynn A. Kappelman (ct # 03480)
Damian W. Wilmot (ct # 22694)
Seyfarth Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

## CERTIFICATE OF SERVICE

I, Damian W. Wilmot, hereby certify that on November 20, 2003, a true copy of the foregoing document was served by first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

Damian W. Wilmot, Esq.

15

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVA McINTIRE, | ) |
| MARIA ELENA PENA MOTA, | ) |
| MARIA TERESA ALEXANDER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 303-CV-0126(GLG) |
| | ) |
| PENNANT FOODS, INC., d/b/a Chef | ) |
| Solutions, Inc., a wholly owned subsidiary | ) |
| of Lufthansa, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES NUMBERED 6 AND 7

Pursuant to Rules 33 of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., ("Defendant" or "Pennant") hereby supplements its responses to Plaintiff's ("Plaintiff's") First Set of Interrogatories (the "Interrogatories") numbered 6 and 7. Defendant states that it has not yet completed discovery in this case and therefore it will respond to the Interrogatories on the basis of the information it has at this time. Defendant further states that these responses represent a corporate response and, as such, an authorized agent of the Defendant will verify them. Defendant reserves the right to supplement these responses. Defendant also incorporates, as if set forth fully herein, the general objections contained in its responses to Plaintiff's First Set of Interrogatories.

Subject to the foregoing conditions and objections, and without waiving and without repeating any of them in any of the specific objections and answers, Pennant responds as follows:

Interrogatory No. 6

Please describe the alleged decision to terminate Joan King, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communications concerning the decision. Please identify any and all documents which relate to this answer.

## Response to Interrogatory No. 6

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

## Supplemental Response to Interrogatory No. 6 (October 22, 2003)

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 001575-001584, which are attached hereto.

## Magistrate Judge Garfinkel's Order

Identify who were the decision-makers with regard to Joan King's termination.

## Supplemental Response to Interrogatory No. 6

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant states that the following individuals made the decision to conduct a reorganization of management which resulted in the termination of Joan King's employment: Bill Hood (former Senior Vice President, Supply Chain for Chef Solutions Inc., last known home address – 130 Glen Road, Hawthorn Woods, IL 60047); Barbara Parson (former Vice President of Bakery for Chef Solutions Inc., last known home address – 472 Bramble Lane, Barrington, IL 60010); and Barb Pollster (former Director of Human Resources, Supply Chain for Chef Solutions Inc., last known home address – 5428 Brompton Drive, Loves Park, IL 61111).

Defendant designates the last known home addresses of Bill Hood, Barbara Parson, and Barb Pollster as CONFIDENTIAL as that term is defined by the Confidentiality Agreement reached between the parties on or about September 16, 2003.

## Interrogatory No. 7

Please describe the alleged decision to terminate Bhavin Patel, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

2

Response to Interrogatory No. 7

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

Supplemental Response to Interrogatory No. 7 (October 22, 2003)

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant refers Plaintiff to bate-stamped documents McIntire 001589-001593, which are attached hereto.

Magistrate Judge Garfinkel's Order

Identify who were the decision makers with regard to Bhavin Patel's termination. Identify the misconduct the Defendant terminated Bhavin Patel's employment for.

Supplemental Response to Interrogatory No. 6

Pursuant to the Confidentiality Agreement reached between the parties on or about September 16, 2003, and without waiving its previous foregoing objections, Defendant states that the following individuals made the decision to terminate Bhavin Patel's employment: Bill Hood (former Senior Vice President, Supply Chain for Chef Solutions Inc.); Barbara Parson (former Vice President of Bakery for Chef Solutions Inc.); and Bryan Glancy (Senior Director of Human Resources, Supply Chain for Chef Solutions Inc.). Defendant further states that it terminated Mr. Patel's employment for failing to disclose a consensual sexual relationship with a subordinate and for his improper involvement in assisting subordinates to obtain their United States citizenship. Defendant also reminds Plaintiffs that it can contact current employees of the Defendant through the undersigned outside counsel.


I, Bryan Glancy, Senior Director of Human Resources, Supply Chain for Chef Solutions, Inc., have read the foregoing Supplemental Responses the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa to Plaintiff Eva McIntire's First Set of Interrogatories. The information in these responses has been obtained from Defendant's employees and others whom I believe reliable and capable of ascertaining the facts stated therein. As to those matters set forth in the answers about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS NOVEMBER 7, 2003.

_____

NOV. 7 2003 2:22PM

NO. 2772   P. 5

As to the Objections:

PENNANT FOODS, INC., D/B/A CHEF
SOLUTIONS, INC., A WHOLLY OWNED
SUBSIDIARY OF LUFTHANSA

By its Attorneys,

Lynn A. Kappelman (ct # 03480)
Damian W. Wilmot (ct # 22694)
Seyfarth Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, hereby certify that on November 7, 2003, a true copy of the foregoing document was served by/first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

Lynn A. Kappelman, Esq.

4