## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EXHIBIT D

---

EVA MCINTIRE,
MARIA ELENA PEÑA MOTA,
MARIA TERESA ALEXANDER,

                Plaintiffs

v.

PENNANT FOODS, INC.,
d/b/a Chef Solutions, Inc., a wholly
owned subsidiary of Lufthansa,

                Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. 303CV0126(GLG)

May 14, 2003

---

## PLAINTIFF EVA MCINTIRE'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT PENNANT FOODS, INC.

The Plaintiff, Eva McIntire, hereby requests that the Defendant, Pennant Foods, Inc., (hereinafter "the Defendant"), answer the following Interrogatories and Request for Production fully, in writing, and under oath within thirty (30) days of the date of service hereof.

In answering these Interrogatories and Production Requests please furnish all information available to you, including information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely such information as is known of your own personal knowledge.  If you cannot answer any part of these Interrogatories in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as possible, stating whatever information or knowledge you have concerning the unanswered or partially answered portion.

These Interrogatories and Production Requests are considered to be continuing; you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on your behalf may obtain which will augment or modify your initial answers. Such supplementary responses are to be served upon the Plaintiff within thirty (30) days of the receipt of such information.

In accordance with Local Rule 39(c), as used herein, the following terms shall have the meanings indicated below:

A.    *Communication.*  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.    *Document.*  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

C.    *Identify (With Respect to Persons).*  When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.    *Identify (With Respect to Documents).*  When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

2

E.    *Parties.*  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

F.    *Person.*  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

G.    *Concerning.*  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

Also, the following rules of construction apply to all discovery requests:

(1)    *Any/All.*  The terms "any" and "all" shall both be construed as any and all.

(2)    *And/Or.*  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(3)    *Number.*  The use of the singular form of any word includes the plural and vice versa.

In responding to these Interrogatories and Production Requests, please comply with the following instructions:

A.    If any document requested to be produced was but is no longer in defendant's possession or control, or is no longer in existence, state:

3

(1)    whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and, if so, to whom, or (d) otherwise disposed of; and

(2)    with respect to each such document and disposition, (a) explain the circumstances surrounding an authorization for such disposition and the approximate date thereof, and (b) state any information available to you which might be helpful in locating originals or copies of the document in question.

B.    If you assert any privilege with respect to any document, with respect to each such document:  (1) identify it, (2) state the basis for the claim of privilege, (3) describe fully the circumstances of the document's origin, and (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

## INTERROGATORIES

1.    Identify each and every person who provided information referred to or relied on in answering these interrogatories, including his or her name, address, job title, and relationship to the Defendant, as well as the numbers of the interrogatories for which he or she provided information.

2.     Identify each and every person known by the Defendant to have knowledge of the facts underlying the complaint, the Defendant's answer, and/or the defenses to the Complaint, including the information believed to be known, the name, address, place of employment, job title and position of each person and please identify all documents which relate to this answer.

3.     Please identify and describe in detail each and every policy, practice, or procedure relating, or referring to complaints of retaliation, sexual harassment and/or sex discrimination for Defendant's employees and identify all documents which relate to this answer.

4.     Please identify and describe in detail the policy, practice or procedure used by the Defendant to investigate complaints of retaliation, sexual harassment and/or sex discrimination,  including the individuals involved in the investigative process, the training if any, received by each such individual, and please identify all

5

documents that relate to the answer.

5.    Please identify and describe in detail all steps taken between January 1997 and the present to ensure a workplace free of retaliation, sexual harassment and/or discrimination, and  identify all individuals involved, including his or her name, address, title and relationship to the Defendant and identify any and all documents which relate to this answer.

6.    Please describe the alleged decision to terminate Joan King, including identifying  any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communications concerning the decision.  Please  identify any and all documents which relate to this answer.

7.    Please describe the alleged decision to terminate Bhavin Patel, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision.   Please  identify any and all documents which relate to this answer.

8.    Please describe the alleged decision to terminate Guillermo Palma, including identifying any and all persons involved in the decision, the role he/she played in that decision,  each and every basis for the decision, and describe in detail all communication concerning the decision.   Please  identify any and all documents which relate to this answer.

9.    Please identify any and all training or education that the Defendant provided to its employees with respect to sexual harassment, retaliation, and/or discrimination between January 1995 and the present.  Please  identify any and all documents which relate to this answer.

10.    Please identify and describe in detail each and every written or verbal communication, from January 1995 through the present, that the Defendant has or has had concerning criticism of any of the Plaintiffs' conduct in the workplace, identify all persons who participated in any such communication, and all documents which relate to this answer.

8

11.    Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff McIntire in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

12.    Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff Pena Mota in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

9

13.    Please identify each and every employee who has complained of sexual harassment, retaliation,  sexual misbehavior or sex discrimination from 1995 to the present, and describe each such complaint and the Defendant's response if any. Please  identify all documents which relate to each such complaint or to this answer.

14.    Identify any and all employees who have been disciplined or terminated by Defendant  from 1995 to the present, including but not limited to, the name of each employee, position held, length of time employed by defendant, the reason(s) for discipline or separation from employment, any and all steps taken to inform the employee of a discipline problem (including the dates on which any and all steps of discipline were taken), and the date of termination, if any, and identify all documents which relate to this answer.

10

15.    Please identify and describe in detail any and all insurance policies that the Defendant has which may cover the defense of this Complaint and identify all documents which relate to this answer.

16.    Please identify and describe in detail all benefits, including but not limited to, salary, health and other insurance, pension and/or 401K plans that Defendant has provided to its employees from 1999 through to the present, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

11

17.    Please identify and describe in detail each and every basis for the Defendant's denial that each of the Plaintiffs performed her job well as alleged in the Complaint, including the individuals who have provided such information, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.




18.    Please state each and every act of Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander which Defendant claims tends to show that the sexual conduct complained of in this litigation was not unwelcome.   For each such act, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the alleged conduct, and please identify all documents which relate to this answer.

19.    Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander had a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation.    For each such individual, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the alleged relationship, and please identify all documents which relate to this answer.

20.    Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander was willing to engage in a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation.    For each such individual, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the plaintiffs alleged willingness, and please identify all documents which relate to this answer.

13

21.     Please identify each and every person who the Defendant believes has information concerning Plaintiff McIntire's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

22.     Please identify each and every person who the Defendant believes has information concerning Plaintiff Pena Mota's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

23.    Please identify each and every person who the Defendant believes has information concerning  Plaintiff Alexander's alleged receipt of Defendant's Handbook, including the  information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

15

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents supporting or relating to the Defendant's answer and defenses to the Complaint.

2.    If not included in Request No. 1, produce all documents the Defendant referred to or relied on in answering the foregoing interrogatories.

3.    If not already provided, produce all documents regarding any and all complaints or investigations of sexual harassment, retaliation, and/or sex discrimination by Defendant from 1995 through to the present, including any documents relating to the investigation or settlement of such complaints and any summaries or evaluations of such complaints.

4.    If not already provided, produce each and every document concerning any discipline of Plaintiff McIntire.

16

5.     If not already provided, produce each and every document concerning any discipline of Plaintiff Pena Mota.

6.     If not already provided, produce each and every document concerning any discipline of Plaintiff Alexander.

7.     Please produce any and all documents that reflect factors considered in the decision-making process for transfers, promotions, job classification, compensation, discipline and/or termination with respect to salaried employees of Defendant.

8.     Please produce any and all documents reflecting or relating to the policies of Defendant regarding sexual harassment, discrimination and/or retaliation from 1990 to the present, including but not limited to, all documents constituting guidelines or instructions for handling complaints or conducting internal investigations of complaints of discrimination or retaliation.

9.    Please produce any and all documents relating to any training of employees conducted by or on behalf of the Defendant with respect to discrimination, retaliation and/or sexual harassment between January 1990 and the present.

10.    Please produce any and all workforce profiles submitted to the EEOC or any other government agency, as well as all documents describing, explaining, or pertaining to the methods and techniques used in compiling, editing, modifying, or updating such reports.

11.    Please produce any and all data, including but not limited to machine readable databases, or computer generated or stored information, and all documents necessary to interpret machine readable or computer stored information, containing the following information for each of Defendant's employees from January 1999 through the present, including historical information for each employee such that, for each year of their employment, information is produced about each data element identified below:

a.    their compensation rate and total annual compensation;

b.    their qualifications, training, and experience;

18

c.    their seniority;

d.    whether or not they have ever notified defendant of discrimination or retaliation;

e.    any statement given related to the claims or defenses in the lawsuit;

f.    their job, job classifications, pay codes, and pay grades;

g.    their disciplinary records;

h.    their work shift and location assignments;

i.    their promotions, whether competitive or non-competitive, including each promotion sought by each employee; and

j.    their performance and merit reviews.

k.    The date and reason for any separation from employment.

12.    If not already provided, produce each and every document concerning Plaintiff McIntire's various employment positions with Defendant, including any job descriptions.

13.    If not already provided, produce each and every document concerning Plaintiff Pena Mota's various employment positions with Defendant, including any job descriptions.

12.    If not already provided, produce each and every document concerning Plaintiff Alexander's various employment positions with Defendant, including any job descriptions.

13.    If not already provided, produce any and all documents concerning any and all company policies, practices and/or procedures which were in effect from 1995 up to the present, including but not limited to, evaluation policies, disciplinary policies, transfer policies, termination policies, leave of absence policies, and discrimination and retaliation policies.    If these policies and practices vary by division or other sub-unit, include all documents reflecting any variations.

14.    Please produce any and all documents that reflect the manner in which personnel policies and procedures are formulated and implemented.

20

15.   Please produce any and all documents relating to any training conducted by, or on behalf of, the Defendant concerning personnel or human resource issues.

16.   If not already provided, please produce any and all job descriptions for the various positions held by Jerry Loesche.

17.   If not already provided, please produce any and all job descriptions for the various positions held by Joan King.

18.   If not already provided, please produce any and all job descriptions for the various positions held by Bhavin Patel.

19.   If not already provided, please produce any and all job descriptions for the various positions held by Guillermo Palma.

21