20. If not already provided, please produce any and all job descriptions for the various positions held by Maribel Carrasquillo.

21. If not already provided, please produce any and all job descriptions for the various positions held by Henry Cooper.

22. If not already provided, please produce any and all job descriptions for the various positions held by Mike Cote.

23. If not already provided, please produce a complete copy of Plaintiff McIntire's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

22

24. If not already provided, please produce a complete copy of Plaintiff Pena Mota's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

25. If not already provided, please produce a complete copy of Plaintiff Alexander's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

26. If not already provided, please produce a complete copy of Jerry Loesche's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

23

27. If not already provided, please produce a complete copy of Joan King's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

28. If not already provided, please produce a complete copy of Bhavin Patel's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

29. If not already provided, please produce a complete copy of Maribel Carrasquillo's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

24

30. If not already provided, please produce a complete copy of Mike Cote's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

31. If not already provided, please produce a complete copy of Henry Cooper's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

32. If not already provided, please produce a complete copy of Guillermo Palma's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; complaints, warnings, reprimands, suspensions, and reasons for said

25

actions; rates of pay; job classifications; and performance evaluations.

33. If not already provided, please produce any and all corporate organizational charts concerning the defendant's Connecticut facilities which identify or define Defendant's corporate organizational structure from January 1990 through the present, including, but not limited to documents identifying corporate manager positions and the individuals who occupied those positions.

34. Provide documentation of defendant's number of employees from 1/99 to date.

35. Provide documentation of defendant's assets and liabilities and the net worth of the company from 1999 through to the present.

36. Produce any and all insurance policies that the defendant has that may cover the defense of this Complaint.

THE PLAINTIFFS

BY: _____
Mary E. Kelly ct 07419
Thomas W. Meiklejohn ct 08755
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821

27

## CERTIFICATION OF SERVICE

I hereby certify that the Plaintiff Eva McIntire's First Set of Interrogatories and Request for Production of Documents from Defendant Pennant Foods, Inc. were mailed first class, postage pre-paid this ___ day of May, 2003 to all counsel of record as follows:

Lynn Kappelman, Esq.
Damian Wilmot, Esq.
Seyfarth, Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

_____
Mary E. Kelly

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVA McINTIRE,<br>MARIA ELENA PENA MOTA,<br>MARIA TERESA ALEXANDER,<br><br>              Plaintiffs,<br>v.<br><br>PENNANT FOODS, INC., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa,<br><br>              Defendant. | CIVIL ACTION NO. 303-CV-0126(GLG)<br><br>June 20, 2003 |

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF EVA MCINTIRE'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of SCIS Food Services which is owned by Lufthansa Corporation ("Defendant" or "Pennant") hereby answers and objects as follows to Plaintiff Eva McIntire's ("Plaintiff") Interrogatories (the "Interrogatories"). Defendant states that it has not yet completed discovery in this case and therefore it will answer the Interrogatories on the basis of the information it has at this time. Defendant further states that these answers represent a corporate response and, as such, an authorized agent of the Defendant will verify them. Defendant reserves the right to supplement these answers.

### GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege or the work product doctrine or that otherwise is not discoverable under the applicable rules, and Defendant will not provide such information in answering the Interrogatories.

2. Defendant objects to the Interrogatories to the extent they seek the discovery of trade secrets or other confidential commercial information.

3. Defendant objects to the Interrogatories to the extent they seek confidential personnel and other private information about Defendant's former and present employees, and Defendant will not produce such information without an appropriate confidentiality agreement or protective order in place.

4. Defendant objects to providing both home and business addresses for Defendant's employees. All current employees of the Defendant identified in these Answers to Interrogatories can be reached through the undersigned outside counsel, unless otherwise indicated. Defendant does not maintain records of prior employees' current home address.

5. Defendant objects to the Interrogatories to the extent that they seek to require the Defendant to make inquiries of former employees or to poll its entire work force. In answering these Interrogatories, Defendant has undertaken to ascertain the information through appropriate management personnel.

6. Defendant objects to these Interrogatories to the extent they request, in effect, a verbatim account of conversations or testimony that may be the subject of oral examinations upon deposition.

7. Defendant objects to each Interrogatory that does not specify a time frame on the ground that such requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to these Interrogatories to the extent they purport to require the discovery of information not within the Defendant's possession, custody or control.

9. Defendant objects to these Interrogatories to the extent they request information that does not refer to or relate to matters alleged in the above-captioned action.

## SPECIFIC OBJECTIONS AND ANSWERS

In addition to and without waiving the foregoing General Objections, and without repeating them in any of the specific objections and answers, Defendant specifically objects to and answers the Interrogatories as follows:

### Interrogatory No. 1

Identify each and every person who provided information referred to or relied on in answering these interrogatories, including his or her name, address, job title, and relationship to the Defendant, as well as the numbers of the interrogatories for which he or she provided information.

### Response to Interrogatory No. 1

Defendant objects to this Interrogatory on the grounds that it calls for privileged information. Defendant further objects to this Interrogatory on the grounds that it calls for confidential proprietary information. Notwithstanding these objections, Defendant responds that, other than counsel, the following persons provided information responsive to these Interrogatories: Diana Figueroa, Human Resources Representative for Pennant's North Haven, Connecticut facility; Bryan Glancy, Senior Director of Human Resources Supply Chain for Chef Solutions, Inc.

### Interrogatory No. 2

Identify each and every person known by the Defendant to have knowledge of the facts underlying the complaint, the Defendant's answer, and/or the defenses to the Complaint, including the information believed to be known, the name, address, place of employment, job title and position of each person and please identify all documents which relate to this answer.

### Response to Interrogatory No. 2

Defendant objects to this Interrogatory on the grounds that it is ambiguous, burdensome, calls for privileged information, and calls for confidential proprietary information. Defendant further objects and respectfully refers Plaintiff to the identical information it provided to Plaintiff on May 16, 2003 in its Amended Initial Disclosures. Notwithstanding these objections, Defendant responds that, other than the Plaintiffs, the following individuals have direct knowledge of facts relevant to the Plaintiffs' Complaint, the Answer, and/or the defenses to the Plaintiffs' Complaint: Diana Figueroa, Human Resources Representative at Pennant's North Haven, Connecticut facility, has knowledge of aspects of Plaintiffs' employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in

3

the Plaintiffs' Complaint; Gerald Loesche, Floor Supervisor of the first shift at Pennant's North Haven, Connecticut facility, has knowledge of certain aspects of Eva McIntire's and Maria Teresa Alexander's employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiff's Complaint; Joe Fusco, Production Supervisor of the third shift at Pennant's North Haven, Connecticut facility, has knowledge of certain aspects of Maria Elena Peña Mota's employment at Pennant, Pennant's employment policies and practices, and some of the facts relevant to the allegations in the Plaintiffs' Complaint; Maria del Pilar Molina, Packer on the third shift at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in the Plaintiffs' Complaint.

Defendant also responds that the following individuals have direct knowledge of facts relevant to the Plaintiffs' Complaint, the Answer, and/or the defenses to the Plaintiffs' Complaint: Joan King, 240 Nemergut Drive, Stratford, CT 06614, former Human Resources Manager and former Plant Manager of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; David Schenkman, 42 Bungay Terrace Seymour, former Director of Frozen Manufacturing and former Plant Manager of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Bhavin Patel, 975 Mix Ave, Apt. T-6, Hamden, CT 06514, former Production Planning and Scheduling Manager on the first shift at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Raphael Martinez, 677 Brussell Street, New Haven, CT 06511, former employee of Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in Plaintiffs' Complaint; Jessica Vega, Packer at Pennant's North Haven, Connecticut facility, has knowledge of some of the facts relevant to the allegations in the Plaintiffs' Complaint. Defendant states that Joan King and Bhavin Patel were Respondents in the initial action filed by Plaintiff Maria Teresa Alexander with the Connecticut Commission on Human Rights and Opportunities and also participated in privileged strategy conferences and assisted Pennant in developing its trial strategy in this case. David Schenkman also participated in these conferences. For these and other reasons, Joan King, Bhavin Patel, and David Schenkman are trial consultants under Connecticut law. As such, Plaintiff's counsel or agents may only contact them through the Defendant's counsel.

### Interrogatory No. 3

Please identify and describe in detail each and every policy, practice, or procedure relating, or referring to complaints of retaliation, sexual harassment and/or sex discrimination for Defendant's employees and identify all documents which relate to this answer.

### Response to Interrogatory No. 3

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment,

4

employee counseling, and disciplinary guidelines, which Defendant disseminated at times in both English and Spanish and speak for themselves. Pennant also posts notices for its employees regarding anti-discrimination laws in accordance with state and federal law, copies of which are attached to Defendant's Responses to Plaintiff Eva McIntire's Request for Production of Documents and speak for themselves.

### Interrogatory No. 4

Please identify and describe in detail the policy, practice or procedure used by the Defendants to investigate complaints of retaliation, sexual harassment and/or sex discrimination, including the individuals involved in the investigative process, the training if any, received by each such individual, and please identify all documents that relate to the answer.

### Response to Interrogatory No. 4

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant refers Plaintiff to the Pennant Employee Handbook, which contains policies covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which speak for themselves.

### Interrogatory No. 5

Please identify and describe in detail all steps taken between January 1997 and the present to ensure a workplace free of retaliation, sexual harassment and/or discrimination, and identify all individuals involved, including his or her name, address, title and relationship to the Defendant and identify any and all documents which relate to this answer.

### Response to Interrogatory No. 5

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it is unduly burdensome as drafted. Notwithstanding these objections, Defendant responds that Pennant is committed to enforcing its equal employment policy contained in its Employee Manual, which was and is distributed to each and every Pennant employee, and fostering a work environment free from unlawful discrimination. Defendant further states that in addition to posting notices for its employees regarding anti-discrimination laws in accordance with state and federal law, the Defendant has also provided its employees with sex harassment training and anti-discrimination counseling.

5

**Interrogatory No. 6**

Please describe the alleged decision to terminate Joan King, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communications concerning the decision. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 6**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

**Interrogatory No. 7**

Please describe the alleged decision to terminate Bhavin Patel, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 7**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

**Interrogatory No. 8**

Please describe the alleged decision to terminate Guillermo Palma, including identifying any and all persons involved in the decision, the role he/she played in that decision, each and every basis for the decision, and describe in detail all communication concerning the decision. Please identify any and all documents which relate to this answer.

**Response to Interrogatory No. 8**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that it calls for attorney-client privileged information. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

### Interrogatory No. 9

Please identify any and all training or education that the Defendant provided to its employees with respect to sexual harassment, retaliation, and/or discrimination between January 1995 and the present. Please identify any and all documents which relate to this answer.

### Response to Interrogatory No. 9

Defendant respectfully refers Plaintiff to its Response to Interrogatory Number 5.

### Interrogatory No. 10

Please identify and describe in detail each and every written or verbal communication, from January 1995 through the present, that the Defendant has or has had concerning criticism of any of the Plaintiffs' conduct in the workplace, identify all persons who participated in any such communication, and all documents which relate to this answer.

### Response to Interrogatory No. 10

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which Defendant has provided to Plaintiffs and their Plaintiffs' counsel as part of Defendant's initial disclosures.

### Interrogatory No. 11

Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff McIntire in the position she held at the time of the cessation of her active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

### Response to Interrogatory No. 11

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

### Interrogatory No. 12

Please identify any and all individuals who have performed any of the duties formerly performed by Plaintiff Pena Mota in the position she held at the time of the cessation of her

7

active employment, including his or her name, job title, rate of pay, prior employment experience, and qualifications for the position(s) held, and identify any documents which relate to this answer.

**Response to Interrogatory No. 12**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 13**

Please identify each and every employee who has complained of sexual harassment, retaliation, sexual misbehavior or sex discrimination from 1995 to the present, and describe each such complaint and the Defendant's response if any. Please identify all documents which relate to each such complaint or to this answer.

**Response to Interrogatory No. 13**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant states that, other than the Plaintiffs, Seema Srivastara alleged sexual harassment and filed a Complaint with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") in 2000. Ms. Srivastara later requested a right to sue letter from the CHRO. The Defendant further states that the matter was resolved to the satisfaction of all parties, all of whom executed a confidential settlement agreement.

**Interrogatory No. 14**

Identify any and all employees who have been disciplined or terminated by Defendant from 1995 to the present, including but not limited to, the name of each employee, position held, length of time employed by defendant, the reason(s) for discipline or separation from employment, any and all steps taken to inform the employee of a discipline problem (including the dates on which any and all steps of discipline were taken), and the date of termination, if any, and identify all documents which relate to this answer.

**Response to Interrogatory No. 14**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that it calls for information that may violate the statutory and common law privacy rights of other Pennant employees.

8

**Interrogatory No. 15**

Please identify and describe in detail any and all insurance policies that the Defendant has which may cover the defense of this Complaint and identify all documents which relate to this answer.

**Response to Interrogatory No. 15**

Defendant objects to this Interrogatory on the grounds that it is ambiguous and burdensome. Notwithstanding these objections, Defendant responds that the following insurance companies may be liable to satisfy, or indemnify the Defendant for, part or all of a judgment that the Court may enter in the current action: Kemper Insurance Company for matters arising prior to April 1, 2003, and St. Paul Marine and Fire Insurance Company for matters arising after April 1, 2003.

**Interrogatory No. 16**

Please identify and describe in detail all benefits, including but not limited to, salary, health and other insurance, pension and/or 401K plans that Defendant has provided to its employees from 1999 through to the present, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

**Response to Interrogatory No. 16**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant responds that Pennant provided the Plaintiffs with medical and dental benefits, long-term disability insurance, short-term disability insurance, accidental death and dismemberment insurance, 401(k) plan, and competitive salaries. Further, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

**Interrogatory No. 17**

Please identify and describe in detail each and every basis for the Defendant's denial that each of the Plaintiffs performed her job well as alleged in the Complaint, including the individuals who have provided such information, and identify all documents which were relied on in answering this interrogatory and/or that relate to this answer.

**Response to Interrogatory No. 17**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Plaintiffs' personnel files, which speak for themselves.

9

**Interrogatory No. 18**

Please state each and every act of Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander which Defendant claims tends to show that the sexual conduct complained of in this litigation was not unwelcome. For each such act, please state the source of the Defendant's information, any communications between the Defendant and any employee or former employee about the alleged conduct, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 18**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges.

**Interrogatory No. 19**

Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander had a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the alleged relationship, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 19**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

**Interrogatory No. 20**

Please state each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander was willing to engage in a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation. For each such individual, please state the source of the Defendant's information, any communication between the Defendant and any employee or former employee about the plaintiffs alleged willingness, and please identify all documents which relate to this answer.

10

**Response to Interrogatory No. 20**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects on the grounds that it seeks information that is protected by the attorney-client and work product privileges. Finally, Defendant objects on the grounds that such information is more appropriately requested from the Plaintiffs themselves.

**Interrogatory No. 21**

Please identify each and every person who the Defendant believes has information concerning Plaintiff McIntire's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 21**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms marked as Exhibit 6 of Plaintiff McIntire's deposition on May 6, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

**Interrogatory No. 22**

Please identify each and every person who the Defendant believes has information concerning Plaintiff Pena Mota's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

**Response to Interrogatory No. 22**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding these objections, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Form marked as Exhibit 6 of Plaintiff Pena Mota's deposition on May 7, 2003, copies of which Defendant produced to Plaintiffs as part of its Initial Disclosures.

**Interrogatory No. 23**

Please identify each and every person who the Defendant believes has information concerning Plaintiff Alexander's alleged receipt of Defendant's Handbook, including the information each such person is believed to have, the date of the alleged receipt of the handbook, and please identify all documents which relate to this answer.

11

**Response to Interrogatory No. 23**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms contained in Ms. Alexander's personnel file, which are marked as Exhibit 6 to Ms. Alexander's deposition and which Defendant produced to Plaintiffs as part of its Initial Disclosures.

12

**Response to Interrogatory No. 23**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Notwithstanding this objection, Defendant respectfully refers Plaintiff to the Employee Handbook Acknowledgment Forms contained in Ms. Alexander's personnel file, which are marked as Exhibit 6 to Ms. Alexander's deposition and which Defendant produced to Plaintiffs as part of its Initial Disclosures.

I, Bryan Glancy, Senior Director of Human Resources Supply Chain for Chef Solutions, Inc., have read the foregoing Answers and Objections of the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of Lufthansa to Plaintiff Eva McIntire's First Set of Interrogatories. The information in these answers has been obtained from Defendant's employees and others whom I believe reliable and capable of ascertaining the facts stated therein. As to those matters set forth in the answers about which I have personal knowledge, I believe these answers to be true; as to those matters on which I have no personal knowledge and am relying upon those who have prepared those answers, I have no reason to believe those answers are not true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS .

*Bryan P. Glancy*    6-18-03

As to Objections:

PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA

By its Attorneys,

*[signature]*

Lynn A. Kappelman (ct # 03480)
Damian W. Wilmot (ct # 22694)
Seyfarth Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: June 18, 2003

## CERTIFICATE OF SERVICE

I, Damian W. Wilmot, hereby certify that on June 20, 2003, a true copy of the foregoing document was served by first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

*[signature]*
Damian W. Wilmot

*Lynn A. Kappelman*

BO1 15579975.1