EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVA McINTIRE,<br>MARIA ELENA PENA MOTA,<br>MARIA TERESA ALEXANDER,<br><br>           Plaintiffs,<br>v.<br><br>PENNANT FOODS, INC., d/b/a Chef<br>Solutions, Inc., a wholly owned subsidiary<br>of Lufthansa,<br><br>           Defendant. | CIVIL ACTION NO. 303-CV-0126(GLG)<br><br>June 20, 2003 |

## DEFENDANT PENNANT FOODS, INC.'S RESPONSE TO PLAINTIFF EVA MCINTIRE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant Pennant Foods, Inc., d/b/a Chef Solutions, Inc., a wholly owned subsidiary of SCIS Food Services which is owned by Lufthansa Corporation ("Defendant" or "Pennant") hereby responds as follows to Plaintiff Eva McIntire's ("Plaintiff") First Request for Production of Documents. Defendant agrees to produce those documents that are responsive, not privileged, within its possession, custody or control, and that it has been able to locate following a due and diligent search in the usual locations where such documents are located, subject to and without waiving the following general objections and any specific objections set forth below. Further, to the extent that other responsive and non-privileged documents are located at a later time, the Defendant reserves the right to supplement its response. Defendant's agreement to produce a particular type of document shall not be deemed to constitute admissions: (1) that any particular document exists, is relevant, or is admissible in evidence; or (2) that any statement or characterization in the Plaintiff's request is accurate or complete.

## GENERAL OBJECTIONS

1. Defendant objects to each request that seeks documents containing personnel or other confidential information about current or former employees other than the Plaintiffs.

2. Defendant objects to each document request that does not specify a time frame on the ground that such requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each document request that uses the terms "relate to", "related to", or "relating to" on the grounds that such requests are overbroad, vague and ambiguous and do not describe the documents sought with reasonable particularity.

4. Defendant objects to each and every request for production of documents, including every instruction thereto, to the extent that they attempt or purport to impose requirements or obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure.

5. Defendant objects to each and every request for production of documents to the extent that it calls for documents protected by the attorney/client privilege, the work product doctrine, trial preparation materials or other material protected under Rule 26(b) of the Federal Rules of Civil Procedure, and Defendant reserves the right to withhold any privileged information or documents.

6. Defendant objects to producing more than once any document that is responsive to more than one request. Where a single document is responsive to multiple requests, it will be produced in response to the first request to which it applies. Defendant also objects to producing any document that (i) Defendant already produced to Plaintiffs or their counsel during the litigation of this action and/or the litigation of the Plaintiffs' charges against Pennant filed with

the Connecticut Commission on Human Rights and Opportunities ("CHRO"); and/or (ii) Plaintiffs already have within its possession, custody or control.

## RESPONSES TO INDIVIDUAL REQUESTS

In addition to and without waiving the foregoing General Objections, and without repeating them in any of the specific objections and answers, Defendant specifically objects to and responds as follows:

**Request No. 1**

Produce all documents supporting or relating to the Defendant's answer and defenses to the Complaint.

**Response No. 1**

Defendant objects to this request on the grounds that it is overly broad and calls for information protected by the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant refers Plaintiff to the documents Defendant has produced as part of its initial disclosures (see documents Bates numbered McIntire 000001 through McIntire 000956) and during the pendancy of Plaintiff's CHRO charge.

**Request No. 2**

If not included in Request No. 1, produce all documents the Defendant referred to or relied on in answering the foregoing interrogatories.

**Response No. 2**

Defendant objects to this request on the grounds that it is overly broad and calls for information protected by the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant refers Plaintiff to the documents Defendant has produced as

3

part of its initial disclosures (see documents Bates numbered McIntire 000001 through McIntire 000956) and during the pendancy of Plaintiff's CHRO charge.

**Request No. 3**

If not already provided, produce all documents regarding any and all complaints or investigations of sexual harassment, retaliation, and/or sex discrimination by Defendant from 1995 through to the present, including any documents relating to the investigation or settlement of such complaints and any summaries or evaluations of such complaints.

**Response No. 3**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees. Finally, Pennant objects on the grounds that the request calls for information protected by the attorney-client and work product privileges.

**Request No. 4**

If not already provided, produce each and every document concerning any discipline of Plaintiff McIntire.

**Response No. 4**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiff to Plaintiff McIntire's personnel file, which Defendant provided to the Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000001 through McIntire 000175.

4

**Request No. 5**

If not already provided, produce each and every document concerning any discipline of Plaintiff Pena Mota.

**Response No. 5**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiff to Plaintiff Mota's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000176 through McIntire 000225.

**Request No. 6**

If not already provided, produce each and every document concerning any discipline of Plaintiff Alexander.

**Response No. 6**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, Defendant refers Plaintiff to Plaintiff Alexander's personnel file, which Defendant provided to the Plaintiffs and their counsel as part of its initial disclosures. See Bates Numbers McIntire 000226 through McIntire 000326.

**Request No. 7**

Please produce any and all documents that reflect factors considered in the decision-making process for transfers, promotions, job classification, compensation, discipline and/or termination with respect to salaried employees of Defendant.

5

**Response No. 7**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that this request is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence.

**Request No. 8**

Please produce any and all documents reflecting or relating to the policies of Defendant regarding sexual harassment, discrimination and/or retaliation from 1990 to the present, including but not limited to, all documents constituting guidelines or instructions for handling complaints or conducting internal investigations of complaints of discrimination or retaliation.

**Response No. 8**

Defendant refers Plaintiff to the Pennant Employee Handbooks, which contains policies entitled covering sexual harassment, equal employment opportunities, the work environment, employee counseling, and disciplinary guidelines, which Defendant disseminated at times in both English and Spanish and speak for themselves. Defendant states that it already provided copies of the Pennant Employee Handbooks to Plaintiffs as part of its initial disclosures. See Bates Numbers McIntire 000503 through McIntire 000595. Pennant also refers Plaintiff to the notices it posts for its employees regarding anti-discrimination laws in accordance with state and federal law, copies of which are attached and speak for themselves.

**Request No. 9**

Please produce any and all documents relating to any training of employees conducted by or on behalf of the Defendant with respect to discrimination, retaliation and/or sexual harassment between January 1990 and the present.

6

**Response No. 9**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that this request is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence.

**Request No. 10**

Please produce any and all workforce profiles submitted to the EEOC or any other government agency, as well as all documents describing, explaining, or pertaining to the methods and techniques used in compiling, editing, modifying, or updating such reports.

**Response No. 10**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

**Request No. 11**

Please produce any and all data, including but not limited to machine readable databases, or computer generated or stored information, and all documents necessary to interpret machine readable or computer stored information, containing the following information for each Defendant's employees from January 1999 through the present, including historical information for each employee such that, for each year of their employment, information is produced about each data element identified below:

    a.   their compensation rate and total annual compensation;
    b.   their qualifications, training, and experience;
    c.   their seniority;
    d.   whether or not they have ever notified defendant of discrimination or retaliation;
    e.   any statement given related to the claims or defenses in the lawsuit;
    f.   their job, job classifications, pay codes, and pay grades;
    g.   their disciplinary records;

  h. their work shift and location assignments;
  i. their promotions, whether competitive or non-competitive, including each promotion sought by each employee; and
  j. their performance and merit reviews.
  k. The date and reason for any separation from employment.

### Response No. 11

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

### Request No. 12

If not already provided, produce each and every document concerning Plaintiff McIntire's various employment positions with Defendant, including any job descriptions.

### Response No. 12

Defendant respectfully refers Plaintiff to Plaintiff McIntire's personnel file, which Defendant has provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000001 through 000175. Defendant also refers Plaintiff to Defendant's written job descriptions, which it produced to Plaintiffs during the litigation of Plaintiffs' charges with the CHRO.

### Request No. 13

If not already provided, produce each and every document concerning Plaintiff Pena Mota's various employment positions with Defendant, including any job descriptions.

### Response No. 13

Defendant respectfully refers Plaintiff to Plaintiff Mota's personnel file, which Defendant has provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000176 through 000225. Defendant also refers Plaintiff to Defendant's

8

written job descriptions, which it produced to Plaintiffs during the litigation of Plaintiffs' charges with the CHRO.

**Request No. [14]**

If not already provided, produce each and every document concerning Plaintiff Alexander's various employment positions with Defendant, including any job descriptions.

**Response No. [14]**

Defendant respectfully refers Plaintiff to Plaintiff Alexander's personnel file, which Defendant has provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered McIntire 000176 through 000225. Defendant also refers Plaintiff to Defendant's written job descriptions, which it produced to Plaintiffs during the litigation of Plaintiffs' charges with the CHRO.

**Request No. [15]**

If not already provided, produce any and all documents concerning any and all company policies, practices and/or procedures which were in effect from 1995 up to the present, including but not limited to, evaluation policies, disciplinary policies, transfer policies, termination policies, leave of absence policies, and discrimination and retaliation policies. If these policies and practices vary by division or other sub-unit, include all documents reflecting any variations.

**Response No. [15]**

Defendant respectfully refers Plaintiff to the Pennant Employee Handbooks. Defendant states that it has provided copies of the Pennant Employee Handbooks to Plaintiffs as part of its initial disclosures. See documents Bates numbered McIntire 000503 through McIntire 000595.

9

**Request No. [16]**

Please produce any and all documents that reflect the manner in which personnel policies and procedures are formulated and implemented.

**Response No. [16]**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. [17]**

Please produce any and all documents relating to any training conducted by, or on behalf of, the Defendant concerning personnel or human resource issues.

**Response No. [17]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that this request is overly broad, unduly burdensome and is not calculated to lead to the discovery of admissible evidence.

**Request No. [18]**

If not already provided, please produce any and all job descriptions for the various positions held by Jerry Loesche.

**Response No. [18]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt job descriptions which are Bates numbered McIntire 986 through McIntire 996.

10

**Request No. [19]**

If not already provided, please produce any and all job descriptions for the various positions held by Joan King.

**Response No. [19]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt job descriptions which are Bates numbered McIntire 986 through McIntire 996.

**Request No. [20]**

If not already provided, please produce any and all job descriptions for the various positions held by Bhavin Patel.

**Response No. [20]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt job descriptions which are Bates numbered McIntire 986 through McIntire 996.

**Request No. [21]**

If not already provided, please produce any and all job descriptions for the various positions held by Guillermo Palma.

**Response No. [21]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**Request No. [22]**

If not already provided, please produce any and all job descriptions for the various positions held by Maribel Carrasquillo.

**Response No. [22]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**Request No. [23]**

If not already provided, please produce any and all job descriptions for the various positions held by Henry Cooper.

**Response No. [23]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**Request No. [24]**

If not already provided, please produce any and all job descriptions for the various positions held by Mike Cote.

**Response No. [24]**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant produces all exempt and non-exempt job descriptions which are Bates numbered McIntire 965 through McIntire 996.

**Request No. [25]**

If not already provided, please produce a complete copy of Plaintiff McIntire's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [25]**

Defendant respectfully refers Plaintiff to Plaintiff McIntire's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered 000001 through 000175.

**Request No. [26]**

If not already provided, please produce a complete copy of Plaintiff Pena Mota's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands,

13

suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [26]**

Defendant respectfully refers Plaintiff to Plaintiff Mota's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered 000176 through 000225.

**Request No. [27]**

If not already provided, please produce a complete copy of Plaintiff Alexander's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [27]**

Defendant respectfully refers Plaintiff to Plaintiff Alexander's personnel file, which Defendant provided to Plaintiffs and their counsel as part of its initial disclosures. See documents Bates numbered 000226 through 000326.

**Request No. [28]**

If not already provided, please produce a complete copy of Jerry Loesche's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [28]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [29]**

If not already provided, please produce a complete copy of Joan King's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [29]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [30]**

If not already provided, please produce a complete copy of Bhavin Patel's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands,

suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [30]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [31]**

If not already provided, please produce a complete copy of Maribel Carrasquillo's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [31]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [32]**

If not already provided, please produce a complete copy of Mike Cote's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [32]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [33]**

If not already provided, please produce a complete copy of Henry Cooper's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [33]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [34]**

If not already provided, please produce a complete copy of Guillermo Palma's entire personnel file. Such personnel file should include, but is not limited to: records showing dates of hire, dates of separation from employment and reasons therefore; warnings, reprimands, suspensions, and reasons for said actions; rates of pay; job classifications; and performance evaluations.

**Response No. [34]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for information that may violate the privacy rights of current or former Pennant employees.

**Request No. [35]**

If not already provided, please produce any and all corporate organizational charts concerning the defendant's Connecticut facilities which identify or define Defendant's corporate organizational structure from January 1990 through the present, including but not limited to documents identifying corporate manager positions and the individuals who occupied those positions.

**Response No. [35]**

Defendant objects to this request on the grounds that it is ambiguous, calls for irrelevant information, and calls for confidential information. Subject to and without waiving these objections, Defendant produces document Bates numbered McIntire 000957.

18

**Request No. [36]**

Provide documentation of defendant's number of employees from 1/99 to date.

**Response No. [36]**

Defendant objects to this request on the grounds that it is vague and ambiguous, and more appropriately the subject of an interrogatory. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant responds that it possesses no document that is responsive to this request and produces its list of active employees as of 10/18/01 with annotations brining the information current. See document Bates numbered McIntire 000997 through McIntire 001002.

**Request No. [37]**

Provide documentation of defendant's assets and liabilities and the net worth of the company from 1999 through to the present.

**Response No. [37]**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects on the grounds that the request calls for confidential and proprietary information.

**Request No. [38]**

Produce any and all insurance policies that the defendant has that may cover the defense of this Complaint.

**Response No. [38]**

Defendant respectfully refers Plaintiff to the information it provided in its initial disclosures.

PENNANT FOODS, INC., D/B/A CHEF SOLUTIONS, INC., A WHOLLY OWNED SUBSIDIARY OF LUFTHANSA
By its Attorneys,

_____
Lynn A. Kappelman (ct # 03480)
Damian W. Wilmot (ct # 22694)
Seyfarth Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: June 20, 2003

## CERTIFICATE OF SERVICE

I, Damian W. Wilmot, hereby certify that on June 20, 2003, a true copy of the foregoing document was served by first-class United States mail on Mary Kelly and Thomas Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105, Attorney for Plaintiffs.

_____
Lynn A. Kappelman

BO1 15580001.1