# EXHIBIT G

# PROVIDED ON THE ENCLOSED DISK

# EXHIBIT H

# PROVIDED ON THE ENCLOSED DISK

Case 3:03-cv-00126-SRU   Document 39-8   Filed 03/12/2004   Page 2 of 12

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVA MCINTIRE,<br>MARIA ELENA PEÑA MOTA,<br>MARIA TERESA ALEXANDER,<br><br>        Plaintiffs<br>v.<br><br>PENNANT FOODS, INC.,<br>d/b/a Chef Solutions, Inc., a wholly<br>owned subsidiary of Lufthansa,<br><br>        Defendant. | CIVIL ACTION NO.<br>303CV0126(GLG)<br><br><br><br><br><br><br><br><br><br>November 12, 2003 |

## NOTICE OF RULE 30(B)(6) DEPOSITION
## OF DEFENDANT PENNANT FOODS, INC.

To: Lynn Kappelman
    Damian Wilmot
    Seyfarth & Shaw
    World Trade Center East
    Two Seaport Lane Suite 300
    Boston, MA. 02210-2028

    Please take notice that pursuant to Rule 30(B)(6) of the Federal Rules of Civil Procedure, plaintiff in the above-captioned action will take the deposition of Pennant Foods, Inc. as specified herein. The deposition will commence on Tuesday, December 2nd, 2003 at 9:30 before a court reporter, or other competent authority, at the offices of Livingston, Adler, Pulda, Meiklejohn & Kelly P.C. 557 Prospect Avenue, Hartford, CT., and will continue day to day until completed. You are invited to attend and examine.

    The deponent is hereby advised of its duty to designate one or more officers, directors or managing agents to testify on it's behalf as to the matters of examination

listed below, and to produce the document listed in the schedule A.

## DEFINITIONS

"Defendant", "Pennant", "you", "yours" and "the Company", refer to Pennant Foods, Inc. it's groups, divisions, subsidiaries, and departments, together with its officers, directors, employees, associates, successors, agents, representatives (including attorneys and advisors) and any person acting or purporting to act on behalf of such entities or persons".

## SUBJECTS

Pursuant to Rule 30 (B)(6), the following subject matters are specified for examination:

1. The duties and responsibilities assigned to and/ or actually performed by the Plaintiffs, Joan King, Bhavin Patel, Mike Cote, Henry Cooper, Jerry Loesche and Guillermo Palma during the period 7/1/91 through the present.

2. The procedure used by the Defendant to investigate complaints of retaliation, sexual harassment and/or sex discrimination, including but not limited to the complaints of the plaintiffs and of Seema Srivastava. This should include the individuals involved in the investigative process, and the training if any, received by each such individual.

3. The alleged reorganizatin that led to the termination of Joan King's employment, including but not limited to each and every reason for the reorganization; the reason Mr. King's employment ended, the role played by each person including Bill Hood, Barbara Parson and Barb Pollster, and all communications concerning the decision.

4. The alleged consensual relationship and improper involvement in assisting subordinates to obtain their citizenship that allegedly led to the termination of Mr. Patel, including but not limited to the details of any investigation, any notes of documents; the role played by each person including Bill Hood, Barbara Parson and Bryan Glancy, and all communications concerning the decision.

5. The decisions to demote and then to terminate Guillermo Palma, including the persons involved, the role he/she played, each and every basis for the decisions, and all communication concerning the decision.

6. The sexual harassment training and counseling allegedly provided to employees, including the identification of who provided this, how

employees were notified of it, and the training provided to those persons who conducted it.

7. The number of employees since the date of Eva McIntire's last day of active employment.

8. Each and every act of Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander which Defendant claims tends to show that the sexual conduct complained of in this litigation was not unwelcome, and when, where and how the defendant learned of each such act.

9. Each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander had a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation, and when, where and how the defendant learned of each such person.

10. Each and every employee or former employee with whom Defendant claims that Plaintiff McIntire, Plaintiff Pena Mota or Plaintiff Alexander was willing to engage in a sexual or romantic relationship that the Defendant contends is in any way relevant to this litigation, and when, where and how the defendant learned of each such person.

11. Each and every person who the Defendant believes has information concerning the Defendant's alleged practice of handing out handbooks to each employee.

12. The Company's knowledge of the Plaintiffs' complaints of sexual harassment, sex discrimination, and /or retaliation, including the date that Company learned of each complaint, the identity of each person aware of each complaint; and each and every action that the Defendant took to investigate each complaint.

13. Each and every act performed by the Plaintiffs and discovered subsequent to the filing of the CHRO charges which the Defendant contends would have justified terminating the Plaintiffs, or which the Defendant contends was wrongful, including but not limited to the date that the Defendant learned of the alleged act, and the identity of any other employees disciplined for similar conduct.

14. The allegations of the Complaint, and the Answer, including the person known by the Defendant to have knowledge of the facts, the information believed to be known, and any investigation undertaken by the defendant.

15. The factual basis for the defendant's denial of the allegations of the Complaint.

16. The factual basis for the Defendant's affirmative defenses.

17. Eva McIntire's claims of retaliation, including but not limited to the allegations that she was falsely accused of having an unclean workplace.

18. An explanation of what happened to the pictures taken of Eva McIntire and the allegedly unclean workplace.

THE PLAINTIFF,

BY: _____
Mary E. Kelly ct07419
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, Connecticut 06105
(860) 233-9821

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing Notice of Deposition has been mailed certified mail, postage pre-paid on this 12th day of November, 2003 to all counsel of record:

Lynn Kappelman
Damian Wilmot
Seyfarth & Shaw
World Trade Center East
Two Seaport Lane Suite 300
Boston, MA. 02210-2028

Douglas Varga
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

_____
Mary E. Kelly

## SCHEDULE A

### Definitions

As used in this Schedule the term "document" means any paper, letter, diary, check, agreement, contract, memorandum, report notation, financial record, e-mail, computer or other business machine input and output, and other data compilations from which information can be obtained, as well as any draft duplicate in any form, tape, disc, file, wire, or other means of electronic, mechanical or physical reproduction or presentation in any form, as well as any transcript, excerpt, reproduction or duplication in whatever form. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was harassed by Bhavin Patel.

### Documents to be Produced

1. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was harassed by Bhavin Patel.

2. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was harassed by Maribel Carrasquillo.

3. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was harassed by Mike Cote.

4. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was harassed by Mike Cote.

5. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was harassed by Henry Cooper.

6. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Eva McIntire's claims that she was retaliate against, including but not limited to any pictures of the allegedly unclean workplace for which the plaintiff was disciplined. harassed by Mike Cote.

7. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Maria Elena Pena Mota's claims that she was harassed by Guillermo Palma.

8. Any and all documents in the deponent's possession, custody, or control or

otherwise reasonably accessible to the deponent concerning defendant's contention that Maria Elena Pena Mota's relationship with Guillermo Palma was consensual.

9. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning Maria Teresa Alexander's claims that she was harassed by Bhavin Patel.

8. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning defendant's contention that Maria Teresa Alexander's relationship with Bhavin Patel was consensual.

10. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning the Company's knowledge of the Plaintiffs' complaints of sexual harassment, sex discrimination, and/or retaliation, including the date that Company learned of the complaint[s], the identity of each person aware of the complaint[s], and each and every action that the Defendant took to investigate the complaint[s].

11. Any and all documents in the deponent's possession, custody, or control or otherwise reasonably accessible to the deponent concerning each and every act performed by any Plaintiff and discovered subsequent to her termination which the Defendant contends would have justified terminating her, or which the Defendant contends was wrongful, including but not limited to any documents showing any other employees were disciplined for similar conduct.

# EXHIBIT J

# PROVIDED ON THE ENCLOSED DISK

# SEYFARTH SHAW ATTORNEYS LLP

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

EXHIBIT K

Writer's direct phone
(617) 946 4888

Writer's e-mail
lkappelman@seyfarth.com

December 2, 2003

**VIA FACSIMILE AND U.S. MAIL**

Thomas Meiklejohn, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

Mary Kelly, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922

    Re:    McIntire, et al. v. Pennant Foods, Inc.
             C.A. No.: 303CV0126 GLG

Dear Tom and Mary:

For your information Pennant has designated Brian Glancy as its representative for the Rule 30(B)(6) deposition. Brian is on vacation from December 17, 2003 through January 5, 2004. I start a jury trial on January 13, 2004, so we should try to pick a date during the week of January 5 or January 26 for the deposition.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

SEYFARTH SHAW

Lynn A. Kappelman

:lak/km
cc:    Damian Wilmot, Esq.
        Brian Glancy

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

BO1 15614152.1